[Crim. No. 10395. Third Dist. Sept. 5, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY ALEXANDER JONES, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Judith W. Allen, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel E. Carey and Raymond L. Brosterhous, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

EVANS, J.—Defendant was convicted of escape (Pen. Code, § 4532, subd. (b)), robbery (Pen. Code, § 211), and burglary (Pen. Code, § 459).[1] He was sentenced to the middle term of three years for the robbery and a consecutive term of two years for the escape. Sentence on the burglary charge was stayed pursuant to Penal Code section 654, and he was ordered to serve the sentence consecutively to a previous prison commitment from Stanislaus County.

---

[1]All further code references are to the Penal Code.

Defendant contends the trial court did not state its reasons for making the Yolo County convictions consecutive to the prior commitment and that two years is an improper consecutive sentence for the escape.

## I

■ We deal initially with defendant's contention that the two-year consecutive term for the escape is improper. He correctly asserts Penal Code section 1170.1 as authority for the contention that all consecutive terms must be one-third of the middle term provided for the offense in question. The proper sentence should have been one-third of two years or eight months.

Penal Code section 4532, subdivision (b), provides that punishment for an escape violation is 16 months, 2 or 3 years, to be served consecutively. A consecutive term for escape is made mandatory. Although the term is mandated to be consecutive, it is not reasonably inferable the Legislature intended the specific full terms provided in the statute be applied consecutively.

In this instance, section 1170.1 applies in the calculation of the consecutive term required for escape.

Had the Legislature intended the full term for escape be served consecutively to another, it would have declared section 4532 as an exception from the sentencing requirements of section 1170.1, subdivision (a), and provided for the service of a full consecutive term, as it did with the adoption of Penal Code section 667.6, subdivision (d).

## II

■ Defendant's second contention that the trial court failed to state its reasons for imposing consecutive sentences is meritless. The following statement made by the trial court constitutes an adequate statement of reasons for imposing a consecutive sentence. "[Y]ou are not a suitable candidate for *probation* because you had been committed to state prison from Stanislaus County, and because of the crime of which you stand convicted in Yolo County involved violence and threat to do great bodily harm, and the victim was particularly vulnerable to your brutal conduct because she was alone in her home when accosted by you and your accomplice." (Italics added.)

That statement expressly articulates several of the criteria necessary for imposing consecutive sentences. (Cal. Rules of Court, rule 425(a)(1), (a)(2), (a)(3), and (b); rule 421(a)(3).) Furthermore, there is no prohibition to the use of the same facts stated for denying probation and thereafter imposing consecutive sentences. The trial court did state its reasons for imposing consecutive sentences.

## III

An examination of the abstract of judgment discloses some confusion as to the sentence imposed. Error is not present, and the problem is addressed merely for purposes of clarification.

At the time of sentencing the trial court first imposed the three- and two-year terms in the Yolo County case, "making a total term of imprisonment five years which is to be served by you upon completion of the sentence imposed by the Stanislaus Superior Court on November 17, 1978." Thereafter, while explaining the sentence, the court stated: "I'm giving him consecutive terms which means, as I understand the law, that he'll get three years for [the] Stanislaus County robbery; one year for his Yolo County robbery; and two years for the escape." Both the docket entry and the abstract of judgment, however, only reflect the three plus two years' sentence imposed in the Yolo County case.

The proper sentence is three years for the Stanislaus conviction, a one-year consecutive term for the Yolo County robbery, and one-third of the two-year consecutive term for escape. A corrected abstract of judgment shall be prepared, filed, and furnished by the trial court to the Board of Prison Terms reflecting the correct sentence as here set forth.

The judgment is affirmed.

Puglia, P. J., and Sakuma, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.