[Crim. No. 5335. Fifth Dist. Mar. 20, 1981.]

In re HOWARD BURTON KINDRED on Habeas Corpus.

COUNSEL

Howard Burton Kindred, in pro. per., and Stephen N. Dorsi, under appointment by the Court of Appeal, for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel E. Carey and Raymond L. Brosterhous, Deputy Attorneys General, for Respondent.

OPINION

BROWN (G. A.), P. J.—Petitioner asserts that he was illegally sentenced to a full consecutive prison term upon his conviction of escape from prison in violation of Penal Code section 4530, subdivision (b).[1] He seeks a writ of habeas corpus directing the trial court to modify its judgment to impose a lawful sentence.[2]

FACTS

On April 19, 1978, petitioner was sentenced to prison for four years upon his conviction of burglary in Kern County Superior Court action No. 19038.

On February 14, 1980, petitioner was sentenced to prison for two years upon his conviction of escape from prison in violation of section 4530, subdivision (b), in Kern County Superior Court action No. 20652. The escape sentence is consecutive to the burglary sentence; the

---

[1]All statutory references herein are to the Penal Code.

[2]Insofar as the petition prays other relief it was denied on January 23, 1981. On that date we issued an order to show cause limited in scope to the illegal sentence issue.

abstract of judgment states that the escape sentence shall commence upon completion of the sentence imposed in Kern County action No. 19038.

## Discussion

█ Petitioner contends that the term for his consecutive sentence for escape should be computed pursuant to section 1170.1, subdivision (a). We disagree. By its express terms, subdivision (a) is not applicable where subdivision (b) of section 1170.1 applies.[3]

Section 1170.1, subdivision (b),[4] clearly applies to petitioner's conviction of escape from prison in violation of section 4530, subdivision (b). Petitioner could not have been convicted of violating section 4530, subdivision (b), unless he was a prisoner confined in a state prison at the time of the escape. Therefore, petitioner necessarily committed the escape while confined in a state prison. The law requires the escape term to be served consecutively (§ 4530, subd. (b)), and the trial court actually imposed a consecutive term for the escape. Thus, all of the requirements for application of section 1170.1, subdivision (b), are satisfied.

Section 1170.1, subdivision (b), provides that the term for a consecutive sentence, "shall commence from the time such person would otherwise have been released from prison." Petitioner contends that the

---

[3]The relevant portion of section 1170.1, subdivision (a), provides, "Except as provided in subdivision (b) and subject to Section 654, . . . ."

Petitioner urges that the Legislature is capable of declaring its intention that consecutive terms not be computed pursuant to 1170.1, subdivision (a). He cites section 667.6, subdivision (d), as an example of an unambiguous declaration of such legislative intent, relying upon the statutory phrase, ". . . A full, separate and consecutive term shall be served . . . ." We reject the argument. As stated in the text, subdivision (a) does not apply if subdivision (b) applies; subdivision (a) expressly so states. This is the clearest possible expression of legislative intent.

[4]Section 1170.1, subdivision (b), provides: "In the case of any person convicted of one or more felonies committed while such person is confined in a state prison, or is subject to reimprisonment for escape from such custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all such convictions which such person is required to serve consecutively shall commence from the time such person would otherwise have been released from prison. If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a), except that the total of subordinate terms may exceed five years. The provisions of this subdivision shall be applicable in cases of convictions of more than one offense in different proceedings, and convictions of more than one offense in the same or different proceedings."

purpose of the quoted language is to assure, "that a person in custody pursuant to consecutive terms would not enjoy a gap or overlap in the service of his time." We disagree. The quoted language states the common law definition of a consecutive sentence—a sentence which commences at the termination of some other term of imprisonment to which the defendant has been sentenced. (See *People* v. *Hirschbein* (1936) 16 Cal.App.2d 458, 460 [60 P.2d 532].) Absent a statute which provides otherwise,[5] a consecutive term of imprisonment ends when it has been served. Therefore, we hold that petitioner must serve the full two-year term upon his consecutive sentence for escape.[6] (See *Review of Selected 1977 California Legislation* (1978) 9 Pacific L.J. 281, 473; *Review of Selected 1976 California Legislation* (1977) 8 Pacific L.J. 165, 285; Cassou, *Summary of Changes in Sentencing Made by California Uniform Determinate Sentencing Act of 1976*, Cal. Center for Jud. Ed. & Research, App. Court Inst. 1977, pp. 12-13.)

Petitioner relies upon *People* v. *Jones* (1980) 110 Cal.App.3d 75 [167 Cal.Rptr. 571]. *Jones* is inconsistent with our holding only if section 1170.1, subdivision (b), applies to the facts of that case. The applicability of section 1170.1, subdivision (b), to the *Jones* facts turns upon whether subdivision (b) applies to a person sentenced to state prison who escapes from local custody before actual confinement in prison. This question is open, difficult and not before us in this proceeding. Therefore, we decline to decide it. To the extent that our holding may be inconsistent with *People* v. *Jones, supra*, 110 Cal.App.3d 75, we respectfully decline to follow that decision.

The trial court's sentence is lawful. The petition for writ of habeas corpus is denied. The order to show cause is discharged.

Hanson (P. D.), J., and Andreen, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied May 13, 1981.

---

[5]Section 1170.1, subdivision (b), provides for a reduction in the length of a consecutive sentence only where consecutive sentences are imposed for multiple new offenses. In such event, all but one consecutive sentence is reduced to a subordinate term as provided in section 1170.1, subdivision (a). This exception is not applicable to the case at bench since the escape is the only new offense.

[6]The text statement is not intended to preclude application of appropriate credits to the escape sentence. (See § 2900.5, 2931.)