[Crim. No. 22098. First Dist., Div. Three. Mar. 25, 1981.]

In re JERRY SIMS on Habeas Corpus.

## COUNSEL

Benjamin R. Winslow, under appointment by the Court of Appeal, and Winslow & Schmidt for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins, Richard N. Dinallo and J. Patrick Collins, Deputy Attorneys General, for Respondent.

## OPINION

**SCOTT, Acting P. J.**—The primary issue presented in this petition is whether a state prison inmate convicted of escaping from prison without force or violence, in violation of Penal Code section 4530, subdivision (b), is required to be incarcerated for one-third of the middle term for the escape or for the full term for which he was sentenced.

Petitioner was convicted of first degree robbery in Fresno in 1974, then sentenced to state prison for the term prescribed by law. He was subsequently paroled in 1977. While on parole, he committed two more robberies for which he was sentenced to state prison, the two terms to run concurrently. On July 24, 1978, during his imprisonment on the 1977 robbery convictions, petitioner escaped from the Knocti Conservation Camp without force and violence. He was subsequently convicted of violation of Penal Code section 4530, subdivision (b), with the prior 1974 robbery conviction charged and proven. He was sentenced to the middle term of two years for the escape and a one-year prior prison term enhancement for the 1974 robbery.

Subsequently, on April 3, 1979, petitioner's confinement under Penal Code section 1170.2, subdivision (a), was fixed at six years. He received

a three-year middle term for one of the 1977 robberies, a one-year prior prison term enhancement for the 1974 robbery, and a two-year middle term for the escape. Petitioner contends here that as to the escape he should be receiving one third of the two-year middle term, not the full middle term as fixed by the Community Release Board.

This petition followed a denial of habeas corpus relief sought from the Lake County Superior Court.

Penal Code section 4530, subdivision (b), the section under which petitioner was convicted, provides with respect to state prison escapes: "Every prisoner who commits an escape or attempts an escape as described in subdivision (a), without force or violence, is punishable by imprisonment in the state prison for 16 months, or two or three years *to be served consecutively.*" (Italics added.) In *People* v. *Jones* (1980) 110 Cal.App.3d 75 [167 Cal.Rptr. 571], the court held that the person convicted of section 4532, subdivision (b), escape from a county or city jail, and sentenced to the middle term under the authority of Penal Code section 1170.1 is required only to serve one-third of the two years, or eight months. Petitioner contends that the same rule should apply to persons convicted of escape from a state prison.

The comparable portion of Penal Code section 4532, subdivision (b) provides that as to escapes from county or city facilities: "Every prisoner ... is guilty of a felony and, if such escape or attempt to escape was not by force or violence, is punishable by imprisonment in the state prison for 16 months, or two or three years *to be served consecutively,* or in the county jail not exceeding one year,...." (Italics added.)

In *People* v. *Jones, supra,* the court invalidated a trial court's enhancement by two years for a consecutive section 4532, subdivision (b), escape from a county facility, stating the following (110 Cal.App. 3d, at p. 77): "We deal initially with defendant's contention that the two-year consecutive term for the escape is improper. He correctly asserts Penal Code section 1170.1 as authority for the contention that all consecutive terms must be one-third of the middle term provided for the offense in question. The proper sentence should have been one-third of two years or eight months.

"Penal Code section 4532, subdivision (b), provides that punishment for an escape violation is 16 months, 2 or 3 years, to be served consecutively. A consecutive term for escape is made mandatory. Although the

term is mandated to be consecutive, it is not reasonably inferable the Legislature intended the specific full terms provided in the statute be applied consecutively.

"In this instance, section 1170.1 applies in the calculation of the consecutive term required for escape.

"Had the Legislature intended the full term for escape be served consecutively to another, it would have declared section 4532 as an exception from the sentencing requirements of section 1170.1, subdivision (a), and provided for the service of a full consecutive term, as it did with the adoption of Penal Code section 667.6, subdivision (d)."

■ Petitioner contends that *Jones* controls this case. Petitioner's escape, however, was from the state prison, and not from a county or city jail. This distinction justifies the community release board's utilization of the full two-year period for petitioner's consecutive escape term. Penal Code section 1170.1, subdivision (a), upon which the *Jones* court relied for its holding, provides that *"Except as provided in subdivision (b),...* subordinate term for each consecutive offense which is not a 'violent felony' ... shall consist of one-third of the middle term of imprisonment prescribed...."* (Italics added.) The exception in subdivision (b) is that: "(b) In the case of any person convicted of one or more felonies committed while such person is confined in a state prison, or is subject to reimprisonment for escape from such custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all such convictions which such person is required to serve consecutively *shall commence from the time such person would otherwise have been released from prison.* If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a), except that the total of subordinate terms may exceed five years. The provisions of this subdivision shall be applicable in cases of convictions of more than one offense in different proceedings, and convictions of more than one offense in the same or different proceedings." (Italics added.)

The emphasized portion of subdivision (b) does not appear in subdivision (a). The Legislature exempted felonies committed while in state prison from the sentencing requirements of subdivision (a) except as to multiple offenses committed while in prison. The emphasized language makes clear that the prison escape sentence is to be served after com-

pletion of other prison sentences. The true legislative intent in enacting subdivision (b) applicable to crimes committed by state prison inmates, is to require that they serve their full term for such conviction upon the completion of their term for other offenses for which they were convicted. The Legislature has thus made clear that a person who commits offenses while in prison is not entitled to the usual one-third of the middle term for consecutively imposed sentences. Any other reading of the section would make subdivision (b) superfluous.

■ Petitioner next contends that equal protection principles require a similar computation for escapees from both county jails and state prisons. We held in *People* v. *Hughes* (1980) 112 Cal.App.3d 452, 457-460 [169 Cal.Rptr. 364], that an equal protection argument is not generally available to a defendant whose crime is different from that of another defendant and who seeks to challenge the Legislature's designation of a more serious punishment for his offense. The concept of equal protection of the laws compels recognition of the proposition that persons *similarly situated* receive similar treatment. (*Id.*, at p. 458.) It is the prerogative of the Legislature to recognize degrees of culpability and to penalize accordingly (*id.*, at p. 460), which is what the Legislature has done here, where it has made only crimes committed while confined in or subject to reimprisonment for escape from *state prison* subject to full consecutive terms.[1]

Petitioner next contends that the enhancement for the 1974 robbery was improper in light of the provisions of Penal Code section 667.5.

■ Penal Code section 1170.1, subdivision (a) provides in part that when computation of a subordinate term for a consecutive offense takes place, the "subordinate term for each consecutive offense which is a 'violent felony' as defined in subdivision (c) of Section 667.5, including those offenses described in paragraph (8) of subdivision (c) of Section 667.5, shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of any

---

[1]At oral argument, petitioner's attorney suggested that it would be unfair to penalize him with a full term while another felon who escaped while being held in county jail prior to transfer to state prison would be covered by the *Jones* decision. However, the fact that the Legislature has not included a small class of almost similarly situated persons in the disfavored class does not invalidate the legislation as to the disfavored class. There is no requirement that the Legislature penalize all culpable conduct or precisely structure penal sanctions so that all degrees of culpability are omnisciently placed in their proper place in some continuum of penalties.

enhancements imposed pursuant to Section 12022, 12022.5 or 12022.7." However, as to any consecutive offense which is not one of the violent felonies referred to in section 667.5, subdivision (c), section 1170.1, subdivision (a), provides that the subordinate term "shall exclude any enhancements."

Petitioner asserts that escape is not one of the violent felonies included in Penal Code section 667.5, subdivision (c), and argues that the enhancement for the 1974 prior felony conviction was therefore unlawful. Referring solely to the trial court sentence for escape with a prior, the prior has the appearance of an enhancement of the escape term. However, petitioner's present confinement is under a recomputed Indeterminate Sentence Law term in combination with his determinate sentence law term. The computation he attacks followed the provisions of Penal Code section 1170.1, subdivision (a), which makes clear that a prior prison term does not "attach" to any particular crime in group of consecutively sentenced crimes. Because the 1974 prior is not an "enhancement" of the escape term here, the community release board properly included a year for the prior. *People* v. *Gaines* (1980) 112 Cal. App.3d 508, 514-515 [169 Cal.Rptr. 381].)

Other contentions of error raised by petitioner are without merit.

The petition is denied.

Barry-Deal, J., and Panelli, J.,* concurred.

Petitioner's application for a hearing by the Supreme Court was denied May 13, 1981.

---

*Assigned by the Chairperson of the Judicial Council.