[Crim. No. 10942. Third Dist. June 8, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
MARVIN W. GALLIHER, Defendant and Appellant.

COUNSEL

R. Keenan Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney

General, James T. McNally and Carla J. Caruso, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CARR, J.—Defendant appeals from a judgment entered after a jury found him guilty of escape without force or violence. (Pen. Code, § 4530, subd. (b).) He was sentenced to the middle term of two years, to be served consecutive to the robbery sentence which he was serving at the time of his escape. On appeal, he asserts (1) the trial court abused its discretion in denying his motion for a mistrial, and (2) that he should have been sentenced to only one-third of the two-year middle term for the escape conviction. We will affirm the judgment for the reasons herein stated.

I

The prosecutorial misconduct asserted as the basis for the mistrial is the alleged breach of an agreement by the prosecutor that he would not interview any of the defense witnesses prior to trial.

The record discloses defendant entered a not guilty plea at time of arraignment and a trial date was set for July 25, 1979. On July 16, 1979, counsel for defendant, Dan O'Neill moved for a continuance of the trial date, apparently on the ground of difficulty in locating prospective witnesses for the defense.[1]

O'Neill and the deputy district attorney then in charge of the case, Mr. Nakahara, entered into a stipulation that the People would attempt to locate witnesses for the defense but would not interview these witnesses prior to trial.

On the day set for trial, O'Neill's request to be relieved as counsel for the defense was granted and the public defender was appointed to represent defendant. Defendant later withdrew his plea of not guilty, entered a plea of guilty to the offense as charged, and was sentenced to

[1]Defense counsel O'Neill further stated an investigator concerned with the case "has departed this earth," presumably indicating the investigator's demise.

a term in state prison consecutive to the term he was serving at the time of his escape.

In May 1980 defendant successfully moved by petition for writ of habeas corpus to set aside the judgment and sentence and to withdraw his plea of guilty.[2] He was again arraigned and reentered a plea of not guilty. During the course of trial, defendant learned the prosecutor now handling the case, Mr. Kosel, had spoken with two of the witnesses for the defense prior to trial. Defendant moved for a mistrial, alleging the prosecutor's actions were a breach of the agreement previously entered into between the People and the defense. The trial court denied the motion.

The assertion of prosecutorial misconduct is without merit. Defendant makes no showing the agreement, made prior to his entry of a plea of guilty, was renewed when he was permitted to withdraw his guilty plea and at that time demanded a jury trial. If anything, it appears the agreement was not renewed, as the record demonstrates that neither Kosel nor the deputy public defender subsequently appointed to represent defendant had any knowledge whatsoever of the prior agreement. Defendant himself moved for the mistrial, and informed his counsel at that time of the basis for his motion.

Though it is unclear when Kosel met with the defense witnesses, the record shows he did not appear for the People until the time of defendant's decision to withdraw his guilty plea. It is our opinion that once defendant entered his plea of guilty there was no longer in existence any agreement that could be breached. The agreement had been entered into solely to assist the defense in presenting its case at trial; once defendant entered his plea of guilty, however, the basis for the agreement vanished. Absent a showing the agreement was later renewed, which defendant has not made and which is not supported by the record, the claim of misconduct by reason of the prosecutor interviewing two witnesses for the defense prior to trial is groundless. Nor does the record reveal this pretrial interview of witnesses was in any way prejudicial to the defense. Defendant's motion for mistrial was properly denied by the trial court.

---

[2]The basis for the petition was court error at the time of the plea bargain; specifically, the court had informed defendant prior to accepting his plea that he would receive only one-third of the middle term for escape. When all concerned discovered that the proper sentence for escape from a state prison facility was the entire two-year middle term and not one-third of said term, defendant was permitted to set aside the judgment and sentence and to withdraw his plea of guilty.

## II

■ Defendant urges sentencing error, in that he was sentenced to the entire two-year middle term for escape. His premise derives from Penal Code section 1170.1, subdivision (a),[3] which concerns the computation of consecutive sentences and provides the "principal term" shall consist of the greatest term imposed by the court for any of the crimes of which defendant was convicted, and the "subordinate term for each consecutive offense" shall consist of one-third of the middle term "for each other such felony conviction for which a consecutive term of imprisonment is imposed, . . ." Defendant argues that since the escape sentence was imposed consecutive to the term of robbery he was serving at the time of his escape, subdivision (a) requires the sentence imposed for the escape be fixed at one-third of the middle term for that crime, i.e., one-third of two years, or eight months. Defendant errs, not in his interpretation of subdivision (a), but in his assumption this subdivision is applicable to the case at hand.

By its own terms section 1170.1, subdivision (a) is inapplicable where subdivision (b) of section 1170.1 applies. In turn, section 1170.1, subdivision (b) provides in pertinent part: "In the case of any person convicted of one or more felonies committed while such person is confined in a *state prison, or is subject to reimprisonment for escape from such custody* and the law either requires the terms to be served consecutively or the court imposes consecutive terms, *the term of imprisonment for all such convictions which such person is required to serve consecutively shall commence from the time such person would otherwise have been released from prison. . . .*" (Italics added.) Clearly, section 1170.1, subdivision (b), applies. One cannot be convicted of violating section 4530 unless said person was "confined" in a state prison facility at the time of the escape and any sentence imposed for escape from a state prison facility *must* be made a consecutive sentence.[4] Statutorily, one convicted of violating section 4530 comes within the express provisions of section 1170.1, subdivision (b), which requires the term for escape to be treated as a *separate and additional* term to be served consecutive to the remainder of the term under which the person convicted was already confined.

---

[3]Hereafter all statutory references are to the Penal Code unless otherwise indicated.

[4]Penal Code section 4530, subdivision (b) provides: "Every prisoner who commits an escape or attempts an escape as described in subdivision (a) [from a state prison facility], without force or violence, is punishable by imprisonment in the state prison for 16 months, or two or three years to be served *consecutively*. No additional probation report shall be required with respect to such offense." (Italics added.)

Defendant does not dispute this conclusion, but asserts subdivision (b) does not permit the imposition of the *full* term for escape. If the Legislature intended such a result, reasons defendant, it would have expressly so provided. He further urges that the absence of the adjective "full" from the text of subdivision (b) signifies an intent that for new offenses committed during confinement in state prison, and for which a consecutive sentence is imposed pursuant to subdivision (b), the *calculation* of the consecutive sentence must be pursuant to the general consecutive sentence guidelines set out in section 1170.1, subdivision (a). This procedure would fix his sentence for escape at one-third the middle term for that crime. Again, defendant errs.

The only time section 1170.1, subdivision (b), provides for a *reduction* in the length of a consecutive sentence (one-third of the middle term) is when consecutive sentences are imposed for *multiple new offenses* committed while the defendant was either confined in state prison or on escape status from said facility. (§ 1170.1, subd. (b).) In such instance, the court sets a "principal" term consisting of the greatest term for any of the new offenses of which defendant was convicted, and any other new offenses which are to be served as consecutive sentences are reduced to subordinate terms as provided in section 1170.1, subdivision (a). (*Ibid.*) The express reference to a "principal term" denotes the full (lower, upper or middle term, whichever the court selects) term of imprisonment for the new offense committed while confined in state prison, plus subordinate terms (one-third of the middle term), if any, for any other new offenses committed while so confined. While not in express terms, the clear inference is that when only one new offense is committed, subdivision (b) contemplates the full term be imposed for that crime. (See *Cal. Judges Benchguide: Uniform Determinate Sentencing Act and Practice* (1980) Cal. Center for Jud. Ed. & Research, Spec. Issue, § 53, pp. 245-49—245-50 (hereafter *Uniform Determinate Sentencing Act and Practice*).)

Defendant's reliance on *People* v. *Jones* (1980) 110 Cal.App.3d 75 [167 Cal.Rptr. 571], is misplaced. In *Jones*, the defendant was convicted of escape from a *local* facility. (§ 4532, subd. (b).) As there is *no* special sentencing statute applicable to escape from local custody, the court in *Jones* held the defendant must be sentenced pursuant to the general consecutive sentencing guidelines set forth in section 1170.1, subdivision (a). The *Jones* court noted: "Had the Legislature intended the full term for escape [from local custody] be served consecutively to

another, it would have declared section 4532 as an exception from the sentencing requirements of section 1170.1 subdivision (a), and provided for the service of a full consecutive term, as it did with the adoption of Penal Code section 667.6 subdivision (d)." (*Id.*, at p. 77.) Thus, the appropriate sentence to be served by Jones was a consecutive sentence of one-third of the middle term for escape, as section 1170.1, subdivision (a) provides.[5]

We note that the legislative history surrounding section 1170.1, subdivision (b), supports our conclusion that the full term imposed for escape from a state prison facility is the required sentence. Since the inception of the Determinate Sentencing Act, the Legislature has made clear its intent to accord a more severe punishment to those who commit crimes while confined in a state prison facility. (See *Review of Selected 1977 California Legislation* (1978) 9 Pacific L.J. 281, 473; *Review of Selected 1976 California Legislation* (1977) 8 Pacific L.J. 165, 285.)[6] This intent is further demonstrated by the amendment to 1977 section 1170.1, subdivision (b), to include within its provisions "... [those] convicted of one or more felonies committed while ... confined in a state prison or ... subject to reimprisonment for escape from such custody ...." (Stats. 1977, ch. 165, § 17, pp. 649-650.) By providing that state prisoners who commit felonies are to receive greater punishment than other convicted felons, the Legislature has carved out section 1170.1, subdivision (b), as an exception to the general sentencing rules relative to consecutive sentences. (See *Uniform Determinate Sentencing Act and Practice, supra.*) Notwithstanding defendant's assertions to the contrary, subdivision (b) is applicable to all convictions for escape from a state prison facility. Defendant was properly sentenced to the entire two-year middle term for escape to be served consecutively to the robbery term presently being served by defendant.

---

[5]Section 4532, subdivision (b), mandates that the sentence imposed for escape from local custody be made a consecutive sentence.

[6]As originally enacted in 1976 section 1170.1a, subdivision (b) (now § 1170.1, subd. (b)) provided: "*In the case of any person convicted of one felony which is committed while such person is confined in a state prison* and the law either requires the sentences to be served consecutively or the judge imposes a consecutive sentence, *the aggregate term of imprisonment for all convictions which such person is required to serve consecutively shall be the remainder of the term for which he was confined plus the term of imprisonment specified by the judge for the crime committed while confined in a state prison....*" (Italics added.) (Stats. 1976, ch. 1139, § 273, pp. 5141-5142.)

The judgment is affirmed.

Paras, Acting P. J., and Reynoso, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 2, 1981.