[Crim. No. 22481. Sept. 2, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
SAMMY EDWARD McCART, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Adrian K. Panton, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney Gen-

eral, Steven V. Adler and Steven H. Zeigen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

REYNOSO, J.—This appeal requires the judiciary once again to interpret and properly apply the complex provisions of the Determinate Sentencing Act.[1] We consider the provisions contained in Penal Code section 1170.1, subdivision (b) for sentencing persons who commit crimes while imprisoned. We are presented with a single question: What is the proper computation of the term for multiple convictions of felonies committed in state prison?

At the outset we note the Legislature has determined that such crimes will in some ways be punished more severely than crimes committed "on the outside." At the same time the legislative plan calls for calculation of principal and subordinate terms in the same manner as for nonprison offenses. We harmonize these two statutory concepts. The result in appellant's case is that a single term, consisting of a principal and a subordinate term, should be calculated for both in-prison offenses. This term shall begin to run at the end of the prison term imposed for appellant's original "outside" offense.

We believe this result effectuates the language and purpose of section 1170.1, subdivision (b) as an integral part of the DSL. Pursuant to the act the Legislature has found that the punitive purpose of imprisonment is best served by assuring that prison terms are proportionate to the seriousness of the offense and uniform among persons committing the same offense under similar circumstances. (§ 1170, subd. (a), par. (1).) Uniformity and proportionality are furthered by applying the general sentencing rules to in-prison offenses insofar as appropriate. More severe punishment of offenses committed inside prisons is provided by two express provisions of subdivision (b).[2]

[1]The Determinate Sentencing Act (DSL) was enacted in 1976, and became operative July 1, 1977. Its major provisions are codified at Penal Code section 1170 et seq.
    All statutory references herein are to the Penal Code unless otherwise noted.
[2]These provisions are: (1) that the total length of subordinate terms for consecutive sentences may exceed five years; and (2) that the term for the initial or most serious in-prison offense is a full term, not reduced according to the one-third the middle base term formula applied to outside offenses, and may be aggravated. (Cf., § 1170.1, subd. (a).)

## I

Appellant is incarcerated at the California Institution for Men in Chino. On February 5, 1981, he was convicted of an offense committed in prison and sentenced to a six-year term consecutive to his original term. Barely two months later, on March 27, he was convicted in this proceeding and sentenced to prison for violating section 4502 (possession of a deadly weapon by a prisoner).[3] Section 4502 requires the term "be served consecutively." The trial court imposed the full aggravated base term of four years to be served consecutively to both previously imposed terms.

Appellant contends this was error as subdivision (b) of section 1170.1 should be read to require that the length of consecutive terms for multiple in-prison offenses be calculated according to the formula contained in subdivision (a) of that section.

## II

Section 1170.1, subdivision (b) reads as follows: "In the case of any person convicted of one or more felonies committed while such person is confined in a state prison, or is subject to reimprisonment for escape from such custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, *the term of imprisonment for all such convictions* which such person is required to serve consecutively shall commence from the time such person would otherwise have been released from prison. *If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a), except that the total of subordinate terms may exceed five years. The provisions of this subdivision shall be applicable in cases of convictions of more than one offense in different proceedings, and convictions of more than one offense in the same or different proceedings.*" (Italics added.)[4]

---

[3]The record does not reflect the date the first offense was committed. The instant offense occurred on or about April 1, 1980. Trial was originally set for October 1980 but did not commence until March 1981.

[4]Section 1170.1, subdivision (a) provides for an "aggregate term of imprisonment" to be imposed for all consecutive sentences for felony convictions, whether the convictions occur "in the same proceeding or court or in different proceedings or courts." The aggregate term is the sum of: (1) the greatest term imposed for any of the crimes, including the base term and penalty enhancements (called the "principal term"); (2) one-third of the statutorily prescribed middle base term for each consecutive offense,

It is clear, and respondent does not disagree, that appellant would have been sentenced to a single term totalling no more than seven years had he been convicted of both in-prison offenses in the same judicial proceeding. (See *People* v. *Galliher* (1981) 120 Cal.App.3d 149 [174 Cal.Rptr. 467]; *In re Kindred* (1981) 117 Cal.App.3d 165 [172 Cal.Rptr. 468]; *In re Sims* (1981) 117 Cal.App.3d 309 [172 Cal.Rptr. 608], discussed, *infra.*) This term would have consisted of a six-year principal term for the more serious February 5 conviction and a one-year subordinate term (one-third the middle base term of three years) for violation of section 4502.

Respondent contends that a different result must be reached because the convictions resulted from separate judicial proceedings, notwithstanding the fact that the proceedings were largely contemporaneous.

Respondent relies on the following language of subdivision (b): "the term of imprisonment for all such convictions ... shall commence from the time such person would otherwise have been released from prison." This language, respondent contends, reflects a clear legislative intent to provide full consecutive terms for in-prison offenses where the sentences are imposed in separate proceedings.[5]

■ Respondent's interpretation ignores other substantial parts of subdivision (b) in contravention of the rule that, where possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose. (*Select Base Materials* v. *Board*

---

including one-third of penalty enhancements for violent felonies but excluding enhancements for nonviolent felonies (called "subordinate terms"); and (3) the additional terms imposed because of prior prison terms pursuant to section 667.5 or 677.6.

The total length of the subordinate terms which may be imposed for consecutive, nonviolent offenses is limited to five years. The provisions of subdivision (a) are expressly made subject to section 654 (proscribing double punishment for a single act) and the provisions of subdivision (b) of section 1170.1.

Other limitations on the number of enhancements, dual use of facts, and the total length of the overall term which are set forth in other subdivisions of section 1170.1 are not relevant here.

[5]Respondent finds support for this position in regulations promulgated by the Board of Prison Terms. The regulations govern retroactive application of the DSL to indeterminately sentenced prisoners. Section 2151, subdivision (b)(3) calls for computation of separate terms for each series of in-prison convictions obtained in separate proceedings. This administrative application of statutory language is entitled to respect by the courts and is a significant factor to be considered (see *People* v. *Espinoza* (1979) 99 Cal. App.3d 59 [159 Cal.Rptr. 894]), but the interpretation cannot control where it is erroneous.

*of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) We shall review the section in its entirety.

The crucial language which respondent's argument overlooks appears in the first and last sentences of subdivision (b). The subdivision begins by directing that "*the term* of imprisonment for all such convictions [of felonies committed in prison or on escape and sentenced consecutively]" (italics added) begin at the time the person would otherwise have been released from prison. It ends with the statement that: "The provisions of *this subdivision shall be applicable in cases of convictions of more than one offense in different proceedings, and convictions of more than one offense in the same or different proceedings.*" (Italics added.)

Read together these provisions call for computation of a single term of imprisonment for all convictions of felonies committed in prison and sentenced consecutively, whether multiple convictions occur in the same court proceeding or in different proceedings. That this term is to commence when the person would otherwise have been released emphasizes that the new term is to be fully consecutive to the term already being served: i.e., that it must commence at the end of the longest of the prisoner's previously imposed terms.[6]

Language substantially similar to the last sentence of subdivision (b) is used in subdivision (a) of section 1170.1: "... when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed ..., the aggregate term of imprisonment *for all* such convictions shall be...." (Italics added.)

In preparing the "Fixed Term Worksheet," the Judicial Council has directed trial judges to compute a single aggregate term for nonprison offenses, including counts underlying prior uncompleted sentences and those of the current case which are sentenced consecutively. Similarly, the California Judges Benchguide to determinate sentencing interprets subdivision (a) to direct that convictions in prior proceedings be included in the calculation of the aggregate term where the prior terms have not been completed and they are to be served consecutively to the current conviction or convictions. (Cal. Judges Benchguide: Uniform

---

[6]Concurrent sentences, in contrast, are those that run together during the time that their periods overlap (see 17 Cal.Jur.3d, Criminal Law, § 269; *In re Roberts* (1953) 40 Cal.2d 745 [255 P.2d 782]).

Determinate Sentencing Act and Practice, prepared by the Cal. Center for Judicial Ed. and Research (Special Issue No. 1, 1980), §§ 29, 48, 50; see also, Taugher & Cassou, *Determinate Sentencing in California* (1978) 9 Pacific L.J., 1, 54.)[7]

■   When a word or phrase is repeated in a statute, it is normally presumed to have the same meaning throughout. (*Hoag* v. *Howard* (1880) 55 Cal. 564, 565; *Corey* v. *Knight* (1957) 150 Cal.App.2d 671, 680 [310 P.2d 673].) Language in subdivision (b) indicates this principle is appropriately applied here. ■   The subdivision specifies that where multiple new offenses are consecutive with each other, "the principal and subordinate terms shall be calculated as provided in subdivision (a), except that the total of subordinate terms may exceed five years." This sentence, we believe, expresses a legislative intent that the calculations under subdivisions (a) and (b) be the same, except insofar as subdivision (b) provides otherwise.

Subdivision (b) contains two exceptions to the calculation provided in subdivision (a). It specifically provides that the total of subordinate terms for consecutively sentenced in-prison offenses may exceed five years in length. The rule governing outside offenses is that the subordinate terms may not exceed five years unless the offenses are violent felonies as defined in section 667.5 of the code.

Subdivision (b) also provides for imposition of the full base term, aggravated and enhanced if appropriate, for the first or most serious in-prison felony. This "principal term" will be the second full term imposed on the offender. Persons sentenced consecutively on outside offenses will normally serve only one full term together with a number of shorter, subordinate terms. (See fn. 4, *ante*; cf. § 667.6 providing for full consecutive terms for specified sex offenses.)

In contrast to the two exceptions, the language of subdivisions (a) and (b) calling for a single aggregate term for all consecutively sentenced offenses, whether resulting from the same or different proceedings, is consistent.

---

[7]A court sentencing on a later and more serious offense is free to redesignate the later offense as the principal term, in accord with the mandatory language of subdivision (a). But the judge may not determine that convictions in prior proceedings should be consecutive to each other unless they were so designated in the prior proceedings (Cal. Judges Benchguide, *supra*, § 29; see also, *In re Pedrini* (1949) 33 Cal.2d 876, 880 [206 P.2d 699]).

Thus, we do not find it necessary to base our holding on appellant's contention that he is entitled to the most favorable interpretation of which ambiguous language is reasonably susceptible (*In re Jeanice D.* (1980) 28 Cal.3d 210, 217 [168 Cal.Rptr. 455, 617 P.2d 1087]; *People v. Superior Court (Douglass)* (1979) 24 Cal.3d 428 [155 Cal.Rptr. 704, 595 P.2d 139]).

The trial court reached the result urged by respondent by reasoning that the term for the second consecutively sentenced in-prison offense "commences upon the expiration of the *combined* terms for any present incarceration so that the one-third of the base term rule does not apply." This interpretation, like that of respondent, ignores the language of the final sentence of the subdivision. Further, appellant was not serving any part of the term for his first in-prison offense when he committed the present offense. Judgment on the first offense was pronounced in February 1981; the instant offense was committed in April 1980. Even if judgment had been pronounced prior to commission of this offense, the term for the initial in-prison offense would not have commenced until the term for the original commitment offense had been served. Thus, the commentators have suggested that a single aggregate term should be calculated for all in-prison offenses committed during the prisoner's original prison term. (See Cal. Judges Benchguide, *supra*, § 53; Comment, *S.B. 42—The End of the Indeterminate Sentence* (1977) 17 Santa Clara L.Rev. 133, 152.)[8]

Our conclusion is also consistent with Court of Appeal opinions. Three courts have considered the meaning of section 1170.1, subdivision (b) in the context of the proper term for the offense of escape from state prison without force or violence (§ 4530, subd. (b)). Each of those courts concluded that the full base term should be imposed for the single escape offense.[9] They further opined that the term for consecutive

---

[8]The 1978 article upon which appellant relies, Taugher & Cassou, *Determinate Sentencing in California, supra*, 9 Pacific L.J. 1, 61, considered a problem related but not identical to that presented by this case. The authors were concerned with proper application of section 1170.1, subdivision (b) to a prisoner who has received consecutive terms for a series of in-prison offenses and *several years later* commits a new series of in-prison offenses. We are not confronted with that situation and express no opinion on its proper resolution.

[9]Section 4530, subdivision (b) directs that the term for escape from prison be served consecutively. The courts reasoned that section 1170.1, subdivision (b) applies to the offense because it must necessarily be committed while the offender is confined to prison.

in-prison offenses would be reduced according to the one-third the base term formula were consecutive sentences imposed for multiple in-prison offenses. (*People* v. *Galliher* (1981) 120 Cal.App.3d 149 [174 Cal.Rptr. 467], hg. den. Oct. 2, 1981; *In re Kindred* (1981) 117 Cal.App.3d 165 [172 Cal.Rptr. 468]; *In re Sims* (1981) 117 Cal.App.3d 309 [172 Cal.Rptr. 608].) While these cases did not explicitly consider the computation of offenses resulting from separate proceedings, they point to such calculation.

Our interpretation has an additional benefit. It gives prison administrators flexibility in determining when it is appropriate to seek judicial as opposed to administrative sanctions for criminal behavior in prison. At the same time, it protects prisoners from disparate results, based on the circumstances of prosecution rather than commission of the offense. It protects prison officials from charges that they have a motive to use their power to refer prisoners for criminal prosecution in a manner that is not uniform.

The facts before us provide an example. Appellant was convicted of conspiracy to assault a prisoner and possession of a weapon in prison. These offenses may have been contemporaneous. They could have been joined in a single trial under section 954. If appellant had been convicted of both in a single proceeding he would have received the full principal term for the more serious crime and one-third the base term as a subordinate term for the less serious crime. The overriding purpose of achieving uniformity and proportionality in the length of prison terms would not be served by allowing the length of such terms to be determined by the fortuity of joint or separate trials, or by the promptness or delay in the referral for prosecution.

The judgment is reversed. Because the record before us is less than complete, we believe recomputation of appellant's sentence is best left to the trial court. Accordingly, the matter is remanded to that court with directions to recompute the term for violation of section 4502 in accordance with the views expressed herein.

Bird, C. J., Mosk, J., Richardson, J., Newman, J., Kaus, J., and Broussard, J., concurred.