191 Cal.App.3d 338 (1987)
236 Cal. Rptr. 359
THE PEOPLE, Plaintiff and Respondent,
v.
GARY LOGSDON, Defendant and Appellant.
Docket No. F006314.
Court of Appeals of California, Fifth District.
April 23, 1987.
*340 COUNSEL
Kent A. Barkhurst, under appointment by the Court of Appeal, for Defendant and Appellant.
John K. Van de Kamp, Attorney General, Joel Carey and Edgar A. Kerry, Deputy Attorneys General, for Plaintiff and Respondent.
[Opinion certified for partial publication.[]]
OPINION
MARTIN, J.
Appellant Gary Logsdon stands convicted upon his guilty plea of robbery in violation of Penal Code section 211.[1] Appellant waived a jury trial of an alleged prior serious felony conviction in San Joaquin County for residential burglary (§§ 667 and 1192.7, subd. (c)), and the court found the enhancement to be true. The record before the trial court indicated appellant had escaped from Deuel Vocational Institute while serving a five-year term for the San Joaquin prior (including a one-year § 667.5 enhancement) when he committed the instant robbery in Stanislaus County. After twice recalling the case for sentencing, the court ultimately sentenced appellant to state prison for consecutive terms totaling eleven years: the five-year unexpired term for the San Joaquin burglary conviction and section 667.5 enhancement plus one year (one-third the middle term of three years) for *341 the robbery, together with the five-year serious felony enhancement. The court awarded no credit for presentence time served on the robbery charge.
On appeal from the judgment, appellant challenges the sentence imposed and denial of presentence credits. Specifically, appellant contends (1) the court acted in excess of its jurisdiction in twice sentencing appellant to a greater aggregate term; (2) the court failed adequately to state reasons for imposing consecutive terms and lacked sufficient information to determine whether consecutive terms were appropriate; (3) the sentence imposed improperly exceeded twice the base term; and (4) appellant was entitled to presentence custody credit on the robbery sentence. Since appellant raises only sentencing issues in this appeal, we need not recite the facts of the underlying charge.

DISCUSSION

I.-IV.[*]
.... .... .... .... ....

V. WHETHER THE TRIAL COURT SHOULD HAVE COMPUTED THE CONSECUTIVE TERM IMPOSED UNDER SECTION 1170.1, SUBDIVISION (c)
To answer this question, we must first resolve two additional questions, that is, whether the prosecution must show that the person has been convicted of an escape from a state prison and whether, in order for the full consecutive term provisions of section 1170.1, subdivision (c) to apply to a person who commits new felonies while on escape status, the prosecution must plead and prove the person committed the new felonies while "subject to reimprisonment for escape" from state prison.

Whether the Prosecution Must Show That the Defendant Had Been Convicted of an Escape From a State Prison
Section 1170.1, subdivision (c) reads in pertinent part as follows: "In the case of any person convicted of one or more felonies committed while the person is confined in a state prison, or is subject to reimprisonment for escape from such custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions which the person is required to serve consecutively shall commence from the time such person would otherwise have been released from prison." (Italics added.)
*342 (1) Subdivision (c) provides an exception to the general sentence computation provisions of subdivision (a) where the defendant "is convicted of one or more felonies committed while the person is confined in a state prison, or is subject to reimprisonment for escape from such custody ..." and the term for such conviction is to run consecutively. The defendant coming within the provisions of subdivision (c) is not entitled to the usual one-third of the middle term for consecutively imposed sentences under subdivision (a). (People v. McCart (1982) 32 Cal.3d 338, 344 [185 Cal. Rptr. 284, 649 P.2d 926]; People v. Nick (1985) 164 Cal. App.3d 141, 146 [210 Cal. Rptr. 137]; In re Kindred (1981) 117 Cal. App.3d 165, 167-168 [172 Cal. Rptr. 468]; In re Sims (1981) 117 Cal. App.3d 309, 313-314 [172 Cal. Rptr. 608].)
(2) In People v. Pitcock (1982) 134 Cal. App.3d 795 [184 Cal. Rptr. 772], the Third District Court of Appeal held the Deuel Vocational Institute is a state prison for purposes of sentencing under section 1170.1, subdivision (b), which was redesignated as subdivision (c) by statutory amendment in 1982, "with respect to those inmates in the custody of the Department of Corrections and `an institution or facility outside the state prison category in relation to those inmates who are wards of the Youth Authority.'" (Id. at p. 803.)
In Pitcock, the defendant was charged with an attempted escape from the Deuel Vocational Institute. A jury returned a guilty verdict and the defendant was sentenced to two years consecutive time pursuant to section 1170.1, subdivision (b), now subdivision (c). The Court of Appeal affirmed. (Id. at pp. 802-805.)
People v. Nick, supra, 164 Cal. App.3d 141 is also distinguishable from the instant case. In Nick, the defendant escaped from prison and committed a burglary and a robbery before being captured. He pleaded guilty to escape and the other two crimes. The guilty plea on the escape brought the case within the purview of section 1170.1, subdivision (c) for sentencing purposes. (Id. at p. 146.)
In the case of In re Kindred, supra, 117 Cal. App.3d 165, the defendant was convicted of escape from state prison while serving a four-year sentence for burglary and was sentenced to two years in prison to commence on completion of the burglary sentence. This court denied defendant's petition for writ of habeas corpus and held the sentence was lawful. (Id. at pp. 167-168.)
The case of In re Sims, supra, 117 Cal. App.3d 309 also involves a petitioner who was convicted under section 4530, subdivision (b), i.e., escape from state prison without force or violence.
*343 All of the cases cited can be distinguished on the basis the defendant therein either committed a felony while in prison, was convicted of escape (§ 4530), or had pleaded guilty to escape. No cases have been cited nor has our independent research uncovered a factual situation involving a defendant "subject to reimprisonment for escape from such custody" who had not either pleaded guilty or been convicted of the escape. (3a) Thus, this case presents a matter of first impression as to whether a guilty plea or a conviction is necessary before sentencing under section 1170.1, subdivision (c). We note this section does not provide punishment for the escape. Section 4530 serves that purpose. Section 1170.1, subdivision (c) simply provides for greater punishment, i.e., full consecutive terms, for felonies committed while "subject to reimprisonment for escape from such custody." By its own terms, subdivision (c) does not require conviction for the escape as a condition precedent to imposition of full, consecutive terms for felonies committed after an escape and prior to arrest and reincarceration. Rather, the subdivision requires only that the party be subject to reimprisonment. Had the Legislature intended such a condition precedent, it could have so provided by merely adding the words "after conviction" to the operating phrase, to wit: "... subject to reimprisonment after conviction for escape from such custody." (4) As respondent states in its supplemental brief: "If statutes are clear and unambiguous, the plain meaning rule applies. The Legislature is presumed to have meant what it said, and it is axiomatic that in the interpretation of a statute where the language is clear, its plain meaning should be followed. (Great Lakes Property, Inc. v. City of El Segundo (1977) 19 Cal.3d 152, 156 [137 Cal. Rptr. 154, 561 P.2d 244]; People v. Gray (1986) 176 Cal. App.3d 520, 523 [222 Cal. Rptr. 29].)"
(3b) Accordingly, we conclude a conviction or a guilty plea of the underlying escape is unnecessary for sentencing under section 1170.1, subdivision (c).

Notice and Opportunity to Be Heard
(5) Next, we must consider whether the prosecution is required to plead and prove the defendant committed the new felonies while "subject to reimprisonment for escape" from state prison.
Section 1170.1, subdivision (f), states that "[t]he enhancements provided in Sections 667.5, 667.6, 12022, 12022.1, 12022.3, 12022.4, 12022.5, 12022.6, 12022.7, 12022.8 and 12022.9 shall be pleaded and proven as provided by law." The California Supreme Court stated in People v. Jackson, supra, 37 Cal.3d 826: "Proposition 8 did not add section 667 to this list, perhaps through oversight. It is obvious, however, that the enhancement provided by this section is subject to equivalent pleading and proof requirements. *344 The court could not impose an enhanced term for a subsequent serious felony without proof of each fact required for that enhancement, and principles of due process would require that defendant receive notice of the facts the prosecution intends to prove." (Id. at p. 835, fn. 12.)
As a consecutive sentence is an enhancement (Cal. Rules of Court, rule 405(c); People v. Lawson (1980) 107 Cal. App.3d 748, 752-756 [165 Cal. Rptr. 764]), the principles of due process also require a defendant receive notice of the facts the prosecution intends to prove in order to apply the provisions of section 1170.1, subdivision (c). Thus, when there is the possibility that full consecutive sentences may ultimately be imposed under section 1170.1, subdivision (c), the prosecution must plead and prove an allegation that the defendant was "subject to reimprisonment for escape" at the time he committed the felony in question and defendant must be afforded the opportunity to respond to and disprove such allegation, if possible. In a jury trial, the jury should be so instructed and the findings must be sufficiently specific to insure the certainty that the jury has reached a verdict which necessarily supports the imposition of full term, consecutive sentences on the basis the defendant was "subject to reimprisonment for escape" from state prison. (See, e.g., People v. Reyes (1984) 153 Cal. App.3d 803, 812 [200 Cal. Rptr. 651].)[7]
In conclusion, we find appellant in the instant case would have been subject to the full consecutive terms provided for in section 1170.1, subdivision (c). However, absent the requisite notice and opportunity to be heard required to comport with our fundamental principles of due process, the trial court properly sentenced appellant pursuant to section 1170.1, subdivision (a).
The judgment is affirmed.
Woolpert, Acting P.J., and Hamlin, J., concurred.
NOTES
[] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I through IV.
[1] All statutory references are to the Penal Code unless otherwise specified.
[*] See footnote on page 338, ante.
[7] We recognize that in cases such as this it may be more practical for the prosecution to specifically plead and prove an escape pursuant to section 4530 and thus avoid an additional, separate trial, however, such procedure is not required under section 1170.1, subdivision (c).