**Joseph Michael WASKO,
Petitioner-Appellant,**

v.

**Daniel VASQUEZ, Warden,
Respondent-Appellee.**

No. 86–5941.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 1987.[1]

Submission vacated April 22, 1987.

Resubmitted May 18, 1987.

Decided June 29, 1987.

As Amended Sept. 9, 1987.

---

1. The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 3–4 and Fed.R.App.P. 34(a).

Joseph Michael Wasko, Tamal, Cal., for petitioner-appellant.

Maxine P. Cutler, San Diego, Cal., for respondent-appellee.

Before ANDERSON, SKOPIL and REINHARDT, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

■ Joseph Michael Wasko ("Wasko") appeals from the district court's partial denial of his 28 U.S.C. § 2254 habeas corpus petition. The petition sought to have his determinate term for escape from local custody reduced from two years to eight months. We reverse.[2]

## I. FACTS

Wasko was charged by information with escape from county jail pursuant to Cal. Penal Code § 4532(b). Wasko had been charged with kidnapping prior to the escape and was awaiting trial on that charge. Wasko was found guilty of kidnapping and attempted escape and was sentenced by the state court to an indeterminate life sentence for the kidnapping conviction, Cal. Penal Code § 209(a), and a consecutive, eight-month term for his attempted escape from county jail, § 4532(b). The consecutive term was imposed pursuant to § 4532(b)'s mandate that the escape term must be served consecutively, and pursuant to Cal. Penal Code § 1170.1(a), which prescribes one-third of the middle term for subordinate, consecutively imposed terms.[3]

Upon his imprisonment, the Department of Corrections (the "Department"), pursuant to its authority to correct errors in sentence construction, altered Wasko's sentence, ordering a full two-year term for the escape offense, to be followed by the life sentence.

Wasko filed a habeas corpus petition in the federal district court claiming: (1) that his determinate sentence for escape from local custody be served consecutive to completion of his indeterminate life sentence for kidnapping, and (2) that the proper length of the consecutive term for escape from local custody is one-third the middle term, or eight months, and, therefore, the

---

**2.** Our jurisdiction to review this § 2254 corpus petition is based on Wasko's allegations that his federal constitutional rights to due process and equal protection were violated. Wasko has a protected liberty interest, under the Fourteenth Amendment, against excessive punishment; he may be deprived of his liberty only to the extent authorized by state statute. *See Board of Pardons v. Allen* — U.S. —, 107 S.Ct. 2415, 2422, 96 L.Ed.2d 303 (1987); *Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980); *Whalen v. United States,* 445 U.S. 684, 689 n.4, 100 S.Ct. 1432, n.4, 63 L.Ed.2d 715 n.4 (1980). *See also Chatman v.*

*Marquez,* 754 F.2d 1531, 1534–36 (9th Cir.) *cert. denied,* — U.S. —, 106 S.Ct. 124, 88 L.Ed.2d 101 (1985); *Lambdin v. Superintendent, Cal. Correctional Inst.,* 640 F.2d 245, 246–47 (9th Cir.1981). Since Wasko has a liberty interest in the correct sentence of eight months, it was a due process violation to order him to a full two-year term.

**3.** Section 4532(b) prescribes a sentence of 16 months, 2 years, or 3 years for escape or attempted escape from county jail. An 8–month term is one-third the middle term of 2 years.

two-year sentence imposed by the Department was in excess of the legal sentence.

An order filed by the district court granted Wasko's petition in part—his indeterminate life sentence is to be served first, followed by the determinate sentence for escape—and denied his petition in part—his determinate sentence for escape was not reduced and would remain at two years.

Wasko appeals only the partial denial of his § 2254 petition, arguing that the state court imposed the correct sentence of eight months for attempted escape from local custody and that the Department incorrectly altered the sentence by ordering a full two-year term.

## II. DISCUSSION

### A. Failure to Exhaust State Remedies

■ A habeas corpus petition must be dismissed if the petitioner fails to exhaust available state remedies. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Gutierrez v. Griggs,* 695 F.2d 1195 (9th Cir.1983). The government contends that Wasko, other than by assertion, has not established that the issue before this court was presented to the highest California state court.

By order of this court, the Office of the Attorney General for the State of California was directed to supplement the record on this appeal with official state court filings from the habeas corpus proceedings before the Superior Court of San Diego County and the California Supreme Court. *Wasko v. Vasquez,* Order No. 86–5941 (9th Cir. April 22, 1987). This was done to enable the court to determine whether Wasko had exhausted his remedies. Upon review of the state court petitions for habeas corpus, filed in accordance with the above order, we find that Wasko has unequivocally, completely, and thoroughly exhausted his state court remedies.

### B. Length of Sentence.

■ Cal. Penal Code §§ 4532(b) and 1170.1(a), as well as *People v. Jones,* 110 Cal.App.3d 75, 167 Cal.Rptr. 571 (1980), all mandate that the length of Wasko's sentence for attempted escape from local custody be eight months as imposed by the sentencing court rather than the full two-year term imposed by the Department.

*Jones* specifically holds that "section 1170.1 applies in the calculation of the consecutive term required for escape" pursuant to a conviction under § 4532(b). *Jones,* 110 Cal.App.3d at 77, 167 Cal.Rptr. 571. Therefore, a sentence for conviction for escape from *local* custody is one-third of the middle term of two years, or eight months, pursuant to the sentencing reduction features of § 1170.1(a).[4] The California court reasoned that "[h]ad the Legislature intended the full term for escape be served consecutively to another, it would have declared section 4532 as an exception from the sentencing [reduction] requirements of section 1170.1, subdivision (a), and provided for the service of a full consecutive term, as it did with the adoption of Penal Code section 667.6, subdivision (d)." *Id.*

*Jones* had not been specifically overruled at the time of Wasko's sentencing.[5] The cases that have questioned *Jones* examined a different section of the Penal Code—§ 4530. This section applies to escape from *state* prison. The section Wasko was convicted of violating (§ 4532) applies to escape from *city or county jails* (local custody). The cases analyzing § 4530 have held that the sentence reduction features of § 1170.1(a) do not apply to escapes from state prison. *In re Kindred,* 117 Cal. App.3d 165, 172 Cal.Rptr. 468 (1981); *In re Sims,* 117 Cal.App.3d 309, 172 Cal.Rptr. 608 (1981); *People v. Galliher,* 120 Cal. App.3d 149, 174 Cal.Rptr. 467 (1981). In those cases, the imposition of the full two-year term was upheld. These cases are

---

**4.** Section 1170.1(a) reads in pertinent part:

[W]hen any person is convicted of two or more felonies ... and a consecutive term ... is imposed ..., the aggregate term of imprisonment for all such convictions shall be the sum of the principal term, the subordinate term and any additional term imposed.... The principal term shall consist of the greatest term of imprisonment imposed ... for any of the crimes.... The subordinate term for each consecutive offense which is not a "violent felony" ... shall consist of *one-third of the middle term of imprisonment* prescribed for each other such felony

conviction for which a consecutive term of imprisonment is imposed.... (Emphasis added).

**5.** In 1985, the California Legislature amended § 4532. The amendment reads in pertinent part that the consecutive "term [for escape from local custody] shall not be subject to reduction pursuant to subdivision (a) of Section 1170.1." This amendment does not affect Wasko's case because it was passed after he was sentenced. It does, however, impliedly support our holding that prior to 1985, consecutive terms imposed under § 4532 were not exempted from § 1170.-1(a).

distinguishable from *Jones* due to a distinction between escape from *state prison* and escape from *city or county jail.* This distinction is based on the structure and wording of § 1170.1(a) and (b). Section 1170.-1(a) allows for the reduction of the term for a consecutive offense to one-third of the middle term. But, by its own terms, the sentence reduction features of § 1170.1(a) are inapplicable where § 1170.1(b) applies. Section 1170.1(b) provides in pertinent part:

"In the case of any person convicted of one or more felonies *committed while such person is confined in a state prison,* or is subject to reimprisonment for escape from such custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all such convictions which such person is required to serve consecutively shall commence from the time such person would otherwise have been released from prison...." (Emphasis added).

An individual cannot be convicted of violating § 4530 unless that person is confined in a state prison facility at the time of his escape. Furthermore, any sentence imposed for escape from a state prison must be made a consecutive sentence. Therefore, an individual convicted of violating § 4530 comes within the express provisions of § 1170.1(b) (is now designated § 1170.-1(c)), to the exclusion of the sentencing reduction features of § 1170.1(a), and must serve the full term for his crime. "By providing that state prisoners who commit felonies are to receive greater punishment than other convicted felons, the Legislature has carved out section 1170.1, subdivision (b), as an exception to the general sentencing rules relative to consecutive sentences." *Galliher,* 120 Cal.App.3d at 155, 174 Cal.Rptr. 467. There was no special sentencing statute applicable to escape from local custody at the time Wasko was sentenced. Because § 1170.1(b) does not apply to escape from city or county jail, the general sentencing rules of § 1170.1(a) apply and the correct sentence for Wasko's attempted escape is eight months.

The district court's partial denial of Wasko's habeas corpus petition is REVERSED and the case is REMANDED for proper sentencing.