9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard NAVARRO, Petitioner-Appellant,
v.
Jerry STAINER, Warden, Respondent-Appellee.
 No. 92-55829.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1993.*
Decided Oct. 28, 1993.
 
 Before: FLETCHER, POOLE and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 State prisoner Richard Navarro appeals the district court's denial of his first federal habeas corpus petition. Navarro argues his state convictions and sentences are flawed because: (1) his sentence for forcible sexual penetration with a foreign object, imposed pursuant to California Penal Code ("Code") § 667.6(c), violates due process and constitutional prohibitions against double jeopardy; (2) his conviction for forcible sexual penetration with a foreign object is based on insufficient evidence; (3) the state trial court's jury instructions violate due process; (4) the state trial court's refusal to allow juror questioning of witnesses violates due process; (5) the state trial court's admission of a tape recording may violate undesignated constitutional provisions; (6) the state trial court's admission of a codefendant's non-Mirandized statement into evidence violates due process; and (7) the state trial court's limitation of cross-examination to the scope of the direct examination violates due process.
 
 
 3
 The district court had jurisdiction under 28 U.S.C. § 2254. We granted a certificate of probable cause to permit Navarro to appeal. 28 U.S.C. § 2253; Fed.R.App.P. 22(b). We have jurisdiction over this timely appeal under 28 U.S.C. §§ 2253 and 2254. We affirm.
 
 OVERVIEW
 
 4
 In state court, a jury convicted Navarro of shooting at an inhabited house, in violation of Code § 246; residential burglary, in violation of Code § 459; residential robbery, in violation of Code § 213.5; forcible sexual penetration with a foreign object, in violation of Code § 289(a); two counts of assault with force likely to produce great bodily injury, in violation of Code § 245(a)(1); and conspiracy to commit robbery, in violation of Code § 182(a)(1). The facts of the case are fully set forth in People v. Anderson, 221 Cal.App.3d 331, 336-37, review denied, 1990 Cal. LEXIS 4379 (1990).
 
 
 5
 The state trial judge sentenced Navarro to consecutive sentences of: one year for shooting at an inhabited dwelling; six years for burglary, plus an additional one-year weapon enhancement (execution of burglary and weapon enhancement sentence stayed); six years for robbery, plus an additional one-year weapon enhancement (principal term); eight years for forcible sexual penetration with a foreign object (full upper term); two years for the two counts of assault with force likely to produce great bodily injury; and five years for being a previously convicted felon. The state trial judge stayed the imposition of a sentence for the conspiracy count. The stay is to become permanent upon Navarro's completion of the imposed sentence.
 
 
 6
 Navarro appealed his convictions and sentences to the California Court of Appeal, which affirmed. Anderson, 221 Cal.App.3d 331 (certified for partial publication); slip op. B028490 (Cal.Ct.App. June 15, 1990) (unpublished opinion). The California Supreme Court declined to grant review. Navarro also filed two unsuccessful state habeas petitions with the California Supreme Court. He then filed a pro se federal habeas petition. The district court denied it, and this appeal followed.
 
 DISCUSSION
 
 7
 A decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Zimmerlee v. Keeney, 831 F.2d 183, 185 (9th Cir.1987), cert. denied, 487 U.S. 1207 (1988). To the extent it is necessary to review district court findings of fact, the clearly erroneous standard applies. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 8
 State court factual conclusions are entitled to a presumption of correctness under 28 U.S.C. § 2254(d) (1988). See Collazo v. Estelle, 940 F.2d 411, 415-16 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992). This presumption does not attach, however, to a state court's resolutions of mixed questions of fact and law. Hamilton v. Vasquez, 882 F.2d 1469, 1471 (9th Cir.1989).
 
 
 9
 1. Sentence for Forcible Sexual Penetration with a Foreign Object
 
 
 10
 Navarro's state convictions and consecutive sentences for the robbery of Anna Argostino and the forcible sexual penetration of Argostino with a foreign object do not violate due process or constitutional prohibitions against double jeopardy.
 
 
 11
 Navarro does have a "protected liberty interest, under the Fourteenth Amendment, against excessive punishment; he may be deprived of his liberty only to the extent authorized by state statute." Wasko v. Vasquez, 820 F.2d 1090, 1091 n. 2 (9th Cir.1987).
 
 
 12
 The California Court of Appeal held Navarro's consecutive eight-year sentence for forcible sexual penetration with a foreign object imposed under Code § 667.6(c) was proper under California law, notwithstanding Code § 654's proscription against multiple punishments for separate offenses that are part of an indivisible transaction.[1] Anderson, 221 Cal.App.3d at 336. The Anderson court concluded the state legislature intended to create an exception to Code § 654's prohibition against multiple punishments by using the phrase "whether or not the crimes committed during a single transaction" in Code § 667.6(c). Id. at 341.[2]
 
 
 13
 The California Supreme Court's denial of Navarro's petition for direct review is "some indication" that Anderson was correctly decided. Burns, 929 F.2d at 1425. "Decisions by the [California] state courts of appeals ... are not to be disregarded in the absence of convincing indications that the state supreme court would hold otherwise." Id. at 1424. "We are bound to accept the [California] court's construction of that State's statutes." Missouri v. Hunter, 459 U.S. 359, 368 (1983). Because the California Court of Appeal determined California law authorized Navarro's consecutive 8-year sentence for forcible penetration with a foreign object, Navarro was not unconstitutionally deprived of his liberty interest under the Fourteenth Amendment. See Wasko, 820 F.2d at 1091 n. 2.
 
 
 14
 "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause ... prevent[s] the sentencing court from prescribing greater punishment than the legislature intended." Hunter, 459 U.S. at 366; see also id. at 366-68 (no violation of Double Jeopardy Clause where legislature intended to impose multiple punishments for the same crime). Anderson determined the California legislature intended the imposition of consecutive full-term sentences for enumerated sexual offenses constituting separate acts committed during an "indivisible" or "single" transaction. Anderson, 221 Cal.App.3d at 339-42. Therefore, Navarro's cumulative punishment does not violate constitutional prohibitions against double jeopardy.
 
 
 15
 2. Sufficiency of Evidence of Forcible Sexual Penetration with a Foreign Object
 
 
 16
 Navarro's argument that his conviction for forcible sexual penetration with a foreign object was not supported by sufficient evidence is meritless.[3]
 
 
 17
 In reviewing whether Navarro's insufficiency of the evidence challenge implicates his due process rights, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); Miller v. Vasquez, 868 F.2d 1116, 1119 (9th Cir.1989). As a coconspirator, Navarro is legally responsible for an act which is the natural and probable consequence of the object of the conspiracy. See 1 B.E. Witkin & Norman L. Epstein, California Criminal Law § 181, at 202 (2d ed. 1988).
 
 
 18
 Viewing the evidence in the light most favorable to the prosecution, the jury could have found beyond a reasonable doubt the forcible sexual penetration with a foreign object was a natural and probable consequence of actions taken in furtherance of the original conspiracy to commit robbery. Argostino testified Navarro's codefendant Valles forced her to the floor in the hallway and proceeded to kick and beat her while simultaneously demanding to know " 'where the box and key were.' " 2 Reporter's Transcript ("R.T.") 299-302. Argostino did not know. In a further attempt to extract this information, a coconspirator inserted a shotgun into her rectum. Id. at 303.
 
 3. Jury Instructions
 
 19
 Navarro contends his state convictions are constitutionally flawed because the state trial court did not instruct the jury: (a) it had to determine whether the act of forcible sexual penetration with a foreign object was a natural and probable consequence of the robbery knowingly and intentionally encouraged; (b) it had to unanimously agree which overt act or acts were committed to support the conspiracy; and (c) it had to determine whether either of two conspiracies were committed, one formed outside the house to commit robbery and one formed inside the house to commit forcible sexual penetration with a foreign object.
 
 
 20
 a. Aiding and Abetting Instruction
 
 
 21
 The state trial judge, pursuant to the 1984 revision of the California Jury Instructions, Criminal ("CALJIC") No. 3.00, instructed the jury:
 
 
 22
 One who aids and abets is not only guilty of the particular crime that to his knowledge his confederates are contemplating committing, but he is also liable for the natural and reasonable or probable consequences of any act that he knowingly and intentionally aided or encouraged.
 
 
 23
 Navarro contends this instruction is "tantamount to a directed verdict," because the court failed to further instruct the jury it must determine whether the act of forcible sexual penetration with a foreign object was a natural and probable consequence of the robbery knowingly and intentionally encouraged. See People v. Hammond, 181 Cal.App.3d 463, 469 (1986) (CALJIC No. 3.00 is "potentially ambiguous" in failing to inform the jury that it must "determine whether the act committed was in fact a natural and probable consequence of the criminal act knowingly and intentionally encouraged"; error held harmless).
 
 
 24
 The fact that a jury instruction is allegedly incorrect under state law is not a basis for federal habeas relief. Estelle v. McGuire, 112 S.Ct. 475, 482 (1991). "The only question for us is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Id. (citation omitted).
 
 
 25
 The challenged instruction must be considered in the context of the instructions as a whole and the trial record, not in artificial isolation. Id. "[I]n reviewing an ambiguous instruction ..., we inquire 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." Id. (quoting Boyde v. California, 494 U.S. 370, 380 (1990)); see id. at 482 n. 4.
 
 
 26
 While the instruction given was not as clear as it might have been, we find that there is not a "reasonable likelihood" that the jury would have concluded the instruction given, read in the context of other instructions and the trial record, authorized the jury to presume Navarro aided and abetted the forcible sexual penetration with a foreign object without first finding the act of forcible sexual penetration with a foreign object was a natural and probable consequence of the robbery knowingly and intentionally encouraged. The arguments of Navarro's attorney repeatedly directed the jury's attention to their obligation to make the requisite finding.
 
 Navarro's attorney stated to the jury:
 
 27
 Is there any way in your wildest imagination that you could hold Mr. Navarro accountable for that bizarre act that happened to Miss Argostino? Is this something that you really would believe would be the natural and probable consequence of a conspiracy to rob, for someone to--let's call it what it is--rape with a foreign object? [p] ... [W]hoever did it, it would seem to me, was sort of off on a tangent of his own. It is not something that you would reasonable foresee that would be carried out in this kind of a conspiracy, if, indeed, there was a conspiracy.
 
 
 28
 6 R.T. 1416-17.
 
 
 29
 The aiding and abetting instruction given did not so infuse Navarro's trial with unfairness so as to deny him due process of law. See McGuire, 112 S.Ct. at 484.
 
 
 30
 b. Specific Unanimity Instruction
 
 
 31
 Navarro's argument that the state trial court failed to instruct the jury it had to unanimously agree on which overt act or acts had been committed does not rise to the level of a due process violation.
 
 
 32
 Viewing the instructions as a whole, in light of the entire record, we find there is no "reasonable likelihood that the jury has applied the challenged instruction in a way" that violates the Constitution. See McGuire, 112 S.Ct. at 482 (citation omitted). The jury was instructed that "all twelve jurors must agree to the decision, and to any finding that you have been instructed to include in your verdict." 7 R.T. 1540. The jury verdict forms show that, in fact, the jury agreed that all three alleged overt acts had occurred. R.T. 398.
 
 
 33
 c. Multiple Conspiracy Instruction
 
 
 34
 The state trial court instructed the jury on the elements of conspiracy and the overt acts allegedly done in furtherance of the conspiracy, but did not instruct it on multiple conspiracies. 7 R.T. 1502-05. The state trial court's failure to instruct the jury, sua sponte, to determine whether either of two conspiracies were committed, one formed outside the house to commit robbery and one formed inside the house to commit forcible sexual penetration with a foreign object, does not rise to the level of a due process violation.
 
 
 35
 It is a violation of a criminal defendant's due process rights not to give a jury instruction on a defendant's theory of defense when the evidence supports that theory and the defendant properly requests an instruction. U.S. ex rel. Means v. Solem, 646 F.2d 322, 327-28 (8th Cir.1980). "A defendant is entitled to a multiple conspiracies instruction only if the defendant's theory of multiple conspiracies is supported by law and has some foundation in the evidence." United States v. Anguiano, 873 F.2d 1314, 1317 (9th Cir.) (citation omitted), cert. denied, 493 U.S. 969 (1989).
 
 
 36
 If there was "one overall agreement among the various parties to perform various functions in order to carry out the objectives of the conspiracy," there was "but a single conspiracy." People v. Skelton, 109 Cal.App.3d 691, 718 (1980) (quotations omitted), cert. denied, Curtin v. California, 450 U.S. 917 (1981). We agree with the California Court of Appeals that there was no evidence of two distinct conspiracies. See Anderson, slip op. at 17.
 
 4. Juror Questioning of Witnesses
 
 37
 It is not within the province of a federal court to review Navarro's argument that the state trial court erred by refusing to allow the jury to question witnesses. See McGuire, 112 S.Ct. at 480 ("[F]ederal habeas corpus relief does not lie for errors of state law.") (citation omitted). This is a state law question. See, e.g., People v. McAllister, 167 Cal.App.3d 633, 644 (1985) (juror questioning of witnesses should be discouraged). To reach the question would be "a wholly unjustifiable encroachment by this Court upon the constitutional power of States to promulgate their own rules ... to try their own state-created crimes in their own state courts." Spencer v. Texas, 385 U.S. 554, 568-69 (1967).
 
 5. Admission of Tape Recording
 
 38
 We decline to accept Navarro invitation to consider "whether the best evidence rule, if violated, implicates any federal protections." We do not sit to decide hypothetical issues or to give advisory opinions. See, e.g., Hayburn's Case, 2 U.S. (2 Dall.) 409 (1792); Swedlow, Inc. v. Rohm & Haas Co., 455 F.2d 884, 885-86 (9th Cir.1972); see also Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991) (admission of evidence in violation of state law is neither a necessary nor a sufficient basis for granting habeas relief).
 
 
 39
 6. Admission of Codefendant's Non-Mirandized Statement into Evidence
 
 
 40
 Navarro has not surmounted the procedural bar which precludes him from challenging in this federal habeas petition the state trial court's admission into evidence of codefendant Anderson's non-Mirandized[4] statement that he had stolen a government license plate, and placed it on a white car.
 
 
 41
 The California Court of Appeal refused to consider this argument because "having failed to raise this [Miranda ] issue in the trial court, defendant may not raise it for the first time on appeal." Anderson, slip op. at 13-14; see also 4 R.T. 715. Since the California Court of Appeal's decision on direct review "explicitly imposes a procedural default" and is "the last reasoned opinion on the claim," we will presume that the California Supreme Court's later one-sentence decisions denying Navarro's state habeas petitions "did not silently disregard that bar and consider the merits." Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991). Our presumption is reinforced by the California Supreme Court's citations to state authority indicating Navarro's state habeas petitions were procedurally deficient. See In re Navarro, No. S019320 (filed March 27, 1991) (citing In re Dixon, 41 Cal.2d 756, 759 (1953)); In re Navarro, No. S021746 (filed August 28, 1991) (citing In re Waltreus, 62 Cal.2d 218, 225 (1965) and In re Dixon, 41 Cal.2d 756, 759 (1953)).
 
 
 42
 Our review of the merits of Navarro's Miranda argument is therefore barred unless Navarro can establish "cause and prejudice" for the procedural default, see Ylst, 111 S.Ct. at 2596; Murray v. Carrier, 477 U.S. 478, 495-96 (1986), or "demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.' " Harris v. Reed, 489 U.S. 255, 262 (quoting Engle v. Isaac, 456 U.S. 107, 135 (1982)). Navarro does not argue cause in his petition, and the record discloses none. Furthermore, no fundamental miscarriage of justice would result by declining to review the merits of this argument because the alleged Miranda violation does not tend to show Navarro is actually innocent of the crimes for which he was convicted.
 
 
 43
 7. Limitation of Cross-Examination to Scope of Direct Examination
 
 
 44
 The state trial court's limitation of Navarro's cross-examination of his spouse, who is also his codefendant, to the scope of direct examination does not implicate any of Navarro's constitutional rights. See Cal.Evid.Code § 761; Engle, 456 U.S. at 119 ("A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.' " (citation omitted). We reject Navarro's attempt to cast his state evidentiary rules argument in constitutional terms. He fails to show how the excluded testimony would have been crucial to his case.
 
 
 45
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Code § 667.6(c) states, in pertinent part:
 In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of ... Section 289 [Penetration of genital or anal opening by foreign object] ... whether or not the crimes were committed during a single transaction.
 Code § 654 states, in pertinent part:
 An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one.
 
 
 [2]
 A California Court of Appeal decision that had disagreed with Anderson regarding whether Code § 667.6(c) created a general exception to Code § 654 has been superseded by grant of review. See People v. Hicks, 7 Cal.Rptr.2d 166 (Ct.App.1992) review granted in part, 832 P.2d 587 (Cal.1992); see also Burns v. International Insurance Co., 929 F.2d 1422, 1424 (9th Cir.1991) (California Court of Appeal decisions from different districts are not binding on each other)
 
 
 [3]
 The California Court of Appeal held that under People v. White, 224 Cal.Rptr. 467 (Ct.App.1986), Navarro's conviction for forcible sexual penetration with a foreign objection does not require evidence of an intent to achieve sexual gratification. Anderson, slip op. at 10-12. We will not review California's construction of its own statutes. See Hunter, 459 U.S. at 368
 Furthermore, the "dual use" of the same evidence to support Navarro's convictions for robbery and forcible sexual penetration with a foreign object is not prohibited by the Double Jeopardy Clause. See supra part 1.
 
 
 [4]
 Miranda v. Arizona, 384 U.S. 436 (1966)