15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Melvin CLARK, Petitioner-Appellant,
v.
Wayne ESTELLE, Warden; Attorney General of California,
Respondent-Appellees.
 No. 92-55819.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 3, 1994.*
Decided Jan. 5, 1994.
 
 1
 Before: GOODWIN, HALL, Circuit Judges, & TANNER**
 
 
 2
 MEMORANDUM***
 
 
 3
 Melvin Clark, a California state prisoner, appeals pro se a judgment denying his 28 U.S.C. Sec. 2254 petition for habeas corpus. He argues that his state court sentence enhancement for a prior conviction violates both California law and the due process clause. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 U.S. 1818 (1993). We affirm.
 
 I.
 
 4
 On July 31, 1984, a state jury found Clark guilty of rape, burglary, simple assault and simple battery. A state court sentenced Clark to fifteen years, four months for the current offenses. In addition, the court imposed a ten year sentence enhancement for each of Clark's two prior rape convictions. On appeal, the California Court of Appeal affirmed Clark's conviction, but remanded for resentencing, finding that the sentence for Clark's 1972 conviction had been stayed, and was therefor an improper basis for a sentence enhancement pursuant to Cal.Pen.Code Sec. 667.6(b).[1]
 
 
 5
 On remand, the state court imposed two five-year enhancements, one for each prior rape conviction, pursuant to Cal.Pen.Code Sec. 667.6(a).[2] The California Supreme Court then issued an order to show cause to the Superior Court. The resentencing Superior Court found that Clark's sentence was invalid under People v. Pearson, 721 P.2d 595 (Cal.1986). The court stated that, under Pearson, Clark's 1972 conviction could not be used to enhance his sentence because his sentence for that conviction was stayed. The court then sentenced Clark to a single five-year enhancement based on the 1976 conviction.
 
 
 6
 Clark now objects that this enhancement is similarly invalid because his sentence for the 1976 conviction was also stayed. The district court interpreted Clark's state sentencing claims as federal due process claims, and exhaustively reviewed his claims. See Findings on A Petition for A Writ of Habeas, CV90-6634-WDK(K), Unpublished Magistrate Opinion filed November 22, 1991. The magistrate found that the state court decisions were based on plausible interpretations of state law, and that Clark had not shown any federal grounds for relief. Id. We agree.
 
 II.
 
 7
 Federal habeas corpus does not lie for alleged errors in the application or interpretation of state law. 28 U.S.C. 2254(a); Lewis v. Jeffers, 110 S.Ct. 3092, 3102 (1990); Featherstone v. Estelle, 948 F.2d 1497, 1500 (9th Cir.1991) (citing Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986)). Thus, to the extent that Clark is claiming that the California courts have erred solely as a matter of state law, he has not stated sufficient grounds for federal habeas relief. Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989).
 
 
 8
 However, state laws, including state sentencing laws, may give rise to a liberty interest protected by the Fourteenth Amendment. Ballard v. Estelle, 937 F.2d 453, 456 (9th Cir.1991); Wasko v. Vasquez, 820 F.2d 1090, 1091 n. 2 (9th Cir.1987). In reviewing such claims, federal courts must defer to state courts' interpretations of state law, unless these interpretations are "untenable or amount to a subterfuge to avoid federal review of a constitutional violation." Aponte v. Gomez, 993 F.2d 705, 707 (9th Cir.1993); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).
 
 
 9
 Clark's sentence enhancement is not itself unconstitutional; he does not argue that it violates the double jeopardy clause, Eighth Amendment or other constitutional provisions. Thus, we may reverse only if his sentence is based on an untenable or unforeseeable interpretation of state law. Oxborrow, 877 F.2d 1399 (citations omitted). In reviewing the California statutes and case law in existence at the time of Clark's crimes, however, we agree with the district court that the California courts could have plausibly distinguished Pearson from Clark's case. The Pearson court was concerned with multiple enhancements; Clark has only received one enhancement based on his 1976 conduct. Because the statutes in effect at the time of Clark's crimes allowed enhancements based on convictions, and did not prohibit enhancements based on stayed convictions,[3] such an interpretation was not unforeseeable at the time of Clark's crimes.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Cal.Pen.Code Sec. 667.6(b) provides that "[a]ny person convicted of [certain sex offenses] ... who has served two or more prior prison terms [for such offenses] ... shall receive an additional 10-year enhancement for each prior prison term...." (emphasis added)
 
 
 [2]
 Cal.Pen.Code Sec. 667.6(a) provides that "[a]ny person who is found guilty of [certain sex crimes] who has been convicted previously of any such offense shall receive a five-year enhancement for each such prior conviction...." (emphasis added)
 
 
 [3]
 Pearson was not decided until five years after Clark's crimes