Filed 2/14/23  P. v. Givens CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MARKIECE EUGENE GIVENS,<br><br>  Defendant and Appellant. | F084148<br><br>(Super. Ct. No. 17982)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Mariposa County.  Michael A. Fagalde, Judge.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Meehan, J. and DeSantos, J.

Appointed counsel for defendant Markiece Eugene Givens asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

## BACKGROUND

On April 8, 2021, a correctional officer observed defendant smoking a cigarette at the Mount Bullion Conservation Camp in Mariposa County, a prison camp. The officer conducted a clothed body search of defendant and found a bag containing 28 bindles of marijuana.

On September 13, 2021, the Mariposa County District Attorney charged defendant with unlawfully possessing cannabis while in a prison camp (Pen. Code, § 4573.6, subd. (a);[1] count 1). The complaint further alleged defendant had suffered two prior "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On January 18, 2022, defendant pled no contest to count 1 and admitted the two prior strike convictions in return for the low term of two years, doubled to four years pursuant to the Three Strikes law.

On February 10, 2022, the trial court sentenced defendant to the low term of four years, as agreed. Over defendant's objection, the court correctly reasoned that defendant should be sentenced to a full consecutive term because the crime was committed while in a prison camp. (§ 1170.1, subd. (c); *People v. McCart* (1982) 32 Cal.3d 338, 340, citing § 1170.1, former subd. (b), now subd. (c) [The term for an in-prison offense "shall begin to run at the end of the prison term imposed for [the

---

[1] All statutory references are to the Penal Code.

2.

defendant's] original 'outside' offense."]; *In re Sims* (1981) 117 Cal.App.3d 309, 314 ["The true legislative intent in enacting [section 1170.1, subdivision (c),] applicable to crimes committed by state prison inmates, is to require that they serve their full term for such conviction upon the completion of their term for other offenses for which they were convicted. The Legislature has thus made clear that a person who commits offenses while in prison is not entitled to the usual one-third of the middle term for consecutively imposed sentences."].) The court declined to award custody credits (*In re Rojas* (1979) 23 Cal.3d 152).

On March 30, 2022, defendant filed a notice of appeal.

## DISCUSSION

Having undertaken an examination of the entire record, we observe that the abstract of judgment incorrectly reflects a *middle term* sentence of four years, rather than a *low term* sentence of four years. Other than this clerical error, we find no evidence to support any arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to reflect a *low term* of four years and to forward copies of the amended abstract to the appropriate entities.