BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE PATRICIA WIGGINS, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
Does a county board of supervisors have the discretion, in each fiscal year, to change the allocation of Proposition 172 funds among otherwise eligible public safety service agencies, including an allocation to an otherwise eligible public safety service agency that did not receive an allocation in a prior fiscal year?
 CONCLUSION
A county board of supervisors has the discretion, in each fiscal year, to change the allocation of Proposition 172 funds among otherwise eligible public safety service agencies, including an allocation to an otherwise eligible public safety service agency that did not receive an allocation in a prior fiscal year.
 ANALYSIS
In 1993 the voters approved Proposition 172, a legislative constitutional amendment directing the proceeds of a 0.50 percent sales tax to be used exclusively for local public safety services. Proposition 172 added section 35 to article XIII of the California Constitution, as follows:
"(a) The people of the State of California find and declare all of the following:
"(1) Public safety services are critically important to the security and well-being of the State's citizens and to the growth and revitalization of the State's economic base.
"(2) The protection of public safety is the first responsibility of local government and local officials have an obligation to give priority to the provision of adequate public safety services.
"(3) In order to assist local government in maintaining a sufficient level of public safety services, the proceeds of the tax enacted pursuant to this section shall be designated exclusively for public safety.
"(b) In addition to any sales and use taxes imposed by the Legislature, the following sales and use taxes are hereby imposed:
"(1) For the privilege of selling tangible personal property at retail, a tax is hereby imposed upon all retailers at the rate of 1/2 percent of the gross receipts of any retailer from the sale of all tangible personal property sold at retail in this State on and after January 1, 1994.
"(2) An excise tax is hereby imposed on the storage, use, or other consumption in this State of tangible personal property purchased from any retailer on and after January 1, 1994, for storage, use, or other consumption in this State at the rate of 1/2 percent of the sales price of the property.
". . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(d)(1) All revenues, less refunds, derived from the taxes imposed pursuant to subdivision (b) shall be transferred to the Local Public Safety Fund for allocation by the Legislature, as prescribed by statute, to counties in which either of the following occurs:
"(A) The board of supervisors, by a majority vote of its membership, requests an allocation from the Local Public Safety Fund in a manner prescribed by statute.
"(B) A majority of the county's voters voting thereon approve the addition of this section.
"(2) Moneys in the Local Public Safety Fund shall be allocated for use exclusively for public safety services of local agencies.
Pursuant to implementing statutes (Gov. Code, §§ 3005130056),[1] the sales tax revenues in question are collected from "qualifying counties" and deposited in the Local Public Safety Fund created in the State Treasury (§§ 30051-30053). The Controller allocates the revenues to each county in proportion to its share of the total taxable sales in all counties. (§ 30052.) Each county, in turn, must create a Public Safety Augmentation Fund to receive the revenues and distribute them according to a statutory formula. (§§ 30054-30055.)
The question presented for resolution concerns whether a county board of supervisors may change the yearly allocation of Proposition 172 funds among otherwise eligible public safety service agencies, including allocating funds to an otherwise eligible public safety service agency that did not receive an allocation in a prior year. We conclude that a board of supervisors has the discretion to make such annual changes.
Both the Constitution (Cal. Const., art. XIII, § 35, subds. (a)(3), (d)(2)) and implementing statutes (§§ 30052, 30054,30055) are explicit in directing counties to allocate Proposition 172 funds only for "public safety services." "`Public safety services' includes, but is not limited to, sheriffs, police, fire protection, county district attorneys, county corrections, and ocean lifeguards. "Public safety services' does not include courts." (§ 30052, subd. (b)(1).)
The focus of our opinion centers on the requirements of section30056, which provides:
"(a) Notwithstanding any other provision of this chapter, commencing with the 1994-95 fiscal year, except as provided in subdivision (c), any county, city and county, or city, including any charter city, that funds all combined public safety services within its respective jurisdiction from existing local financial resources, in an amount for the fiscal year that is less than the base amount for that local agency, shall have its total fiscal year allocations from the Public Safety Augmentation Fund reduced by the difference between those amounts. . . .
"(b) For the purposes of this section:
"(1) "Local financial resources' means local general fund appropriations for operational expenses and allocations from the Public Safety Augmentation Fund, but shall not include any of the following. . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(2) "Base year' means, for each county, city and county, or city, the 1992-93 fiscal year.
"(3) "Base amount for that local agency' means an amount, equal to the amount of the adopted budget for all combined public safety services within its respective jurisdiction for the base year, that is adjusted as follows:
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(B). . . Notwithstanding any other provision of this subparagraph, in no event shall the base amount for a local agency be less than the amount of funding for all combined public safety services within the jurisdiction of that local agency for the base year.
". . . . . . . . . . . . . . . . . . . . . . . . . . . ."[2]
Section 30056, in effect, prohibits a city or county from spending less of its own "financial resources" on "all combined public safety services" in any given year when compared to what it spent during the 1992-1993 fiscal year. In other words, a city or county may not reduce its own sources of funding for public safety services as a consequence of receiving Proposition 172 sales tax revenues. If the spending of non-Proposition 172 moneys is reduced, the allocation of Proposition 172 funds will be reduced by an equal amount. The Legislature has made clear in section 30056 that Proposition 172 funds are to be used to supplement local funds, not take the place of them.
Nothing in section 30056 requires a specific allocation of Proposition 172 revenues to a particular public safety service agency. The phrase "all combined public safety services" contained in section30056 refers to two related calculations. First, it forms the benchmark for all future local maintenance-of-effort spending comparisons. (§ 30056, subd. (b)(3).) Second, for the current year, it serves as the measure of whether the jurisdiction has met its benchmark for the year. (§ 30056, subd. (a).) When a word or phrase is repeated in a statute, it is to be given the same meaning throughout. (People v. McCart (1982) 32 Cal.3d 338, 344.) Thus, the term "all combined public safety services" means the same thing in the current year as the base year. Such consistency assures the Legislature that from year-to-year, Proposition 172 revenues will be used to supplement the local funding of public safety services. As expressed by the Legislature when section 30056 was enacted, local public safety budgets are to increase as a result of Proposition 172 funding; the state tax revenues are not to be used "as a basis to reduce local public safety budgets." (Stats. 1994, ch. 886, § 2.) As such, total revenues are to be examined and compared, not allocations to specific public safety service agencies that are eligible for funding.
We have examined in detail the legislative history of section30056. (Stats. 1994, ch. 886, § 1.) While maintaining non Proposition 172 funding for "each" public safety service was initially considered by the Legislature, such proposal was rejected in favor of having "all combined public safety services" subject to the requirement. Because the total "combined public safety services" funding level is the standard to be met, no allocation to a particular public safety service agency is subject to the maintenance-of-effort requirement. "[B]oth the legislative history of the statute and the wider historical circumstances of its enactment are legitimate and valuable aids in divining the statutory purpose. [Citations]." (California Mfrs. Assn. v. PublicUtilities Com. (1979) 24 Cal.3d 836, 844.)
Here, we are given that a county board of supervisors is considering whether to change its allocation of Proposition 172 funds among otherwise eligible public safety service agencies. The only "change" section30056 requires is when a particular city or county does not match its non-Proposition 172 funding level for a current year when compared to its 1992-1993 base year spending. In such case, a reduction of Proposition 172 funding is mandated. Since we have not been given that the county in question has failed to match its base year spending for "all combined public safety services," section 30056 has no application in the present circumstances.
We have interpreted section 30056 "`so as to effectuate the purpose of the law'" (Curle v. Superior Court (2001) 24 Cal.4th 1057,1063), giving the words "`a plain and common-sense meaning'" (CaliforniaTeachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997)14 Cal.4th 627, 633). Neither section 30056 nor any other statute mandates an allocation of Proposition 172 revenues by a county board of supervisors to a particular public safety service agency in the described circumstances.
Accordingly, we conclude that a county board of supervisors has the discretion, in each fiscal year, to change the allocation of Proposition 172 funds among otherwise eligible public safety service agencies, including an allocation to an otherwise eligible public safety service agency that did not receive an allocation in a prior year.
[1] All further statutory references are to the Government Code, unless otherwise indicated.
[2] Subdivision (c) of section 30056 provides two exceptions to the application of the statute, neither of which is relevant to the present inquiry.