Filed 9/29/22  P. v. Gabarrete CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>CARLOS GABARRETE,<br><br>     Defendant and Appellant. | A163500<br><br>(Del Norte County<br>Super. Ct. No. CRPB 20-5057) |

Defendant appeals a judgment convicting him of aggravated battery. He contends the trial court erred by denying his request to replace his appointed counsel under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). We affirm.

## Background

Defendant was charged by an information with one count of battery by gassing upon a peace officer and employee while confined in a state prison. (Pen. Code, § 4501.1, subd. (a).)[1] The information also alleged that defendant had four prior strike convictions. (§§ 1170.12, 667, subds. (b)–(i).)

---

[1]    A second count of battery on a non-confined person by a prisoner (§ 4501.5) was alleged but dismissed prior to trial.

1

At his arraignment, defendant asked for the "form" to represent himself at trial. The court provided a "*Farretta*[2] form" for him to complete and indicated the matter would be revisited at his pretrial conference.

At the pretrial conference, defendant reiterated his request to represent himself. Defendant, who had a Spanish translator available, stated, "I'm going to do my best in English . . . . [¶] I respect the court and I know there's a lot of disagreement with my lawyer. I think he is not competent for representing me. He not even further for motion to dismiss the case for whatever the reason, the job, they are supposed to do that. And I want to replace, represent myself. But the only problem is I don't know how to read English, but I can speak not real well, but I speak so-so English." The court asked several questions with the assistance of the interpreter to determine defendant's ability to read and write in English and Spanish and his understanding of the legal process and the pending charges. After considering defendant's responses, the court denied defendant's request to represent himself. The court explained, "It appears to me that he is not able to represent himself as he . . . doesn't understand all the charges, doesn't understand how to subpoena witnesses and procure evidence. [¶] So at this juncture on the day before trial, it is denied without prejudice."

Defendant then asked to have a new lawyer appointed. Defendant claimed that his attorney was biased against him because defendant had a prior sex offense conviction. The court asked the prosecutor to step out so that it could hold a *Marsden* hearing.

Once the courtroom was clear, defendant explained that he wanted a new attorney because counsel had failed to give him certain photographic

---

2    See *Faretta v. California* (1975) 422 U.S. 806, 819, recognizing a criminal defendant's right to self-representation.

evidence and had not answered his questions about the plea offer. Defendant acknowledged that he was "guilty anyway" but wanted a trial continuance to consider the plea offer.

In response, counsel explained that he believed defendant was misplacing his unhappiness with prior counsel onto present counsel. The attorney reported that he informed defendant that he had previously represented many people charged with sex offenses over the years and that he had no "shame or antipathy towards any of them." Counsel also explained that he considered several pretrial motions, including a motion to dismiss, but determined they would not be viable. He noted that he forwarded the plea offer to defendant previously and that "it was sent to him again to the back room where I thought for the first time he would be anticipating a plea today before your Honor hit the bench." Counsel explained that at defendant's request, an investigator had taken photographs of the cell where the crime was committed, but that prison policies prohibited him from giving defendant copies of the photographs. Under prison policies, he also was unable to give defendant copies of photographs taken of defendant himself. Finally, counsel indicated that he had not requested a trial continuance because he did not believe there were sufficient grounds.

Towards the end of the hearing, defendant again expressed his frustration because he does not speak English well. Although counsel spoke Spanish and he and defendant communicated verbally in both Spanish and English, the plea offer had been presented in writing in English.

The court denied defendant's request for new counsel, finding that there was no ineffective assistance or breakdown in the attorney-client relationship.

Trial commenced four days later. At trial, evidence was presented that defendant, a prison inmate, spat on a guard's face from six to 18 inches away while being escorted to his cell. Later that day, defendant told a different guard that the victim was "lucky I spit [*sic*] on him because next time" he would stab him. At trial, defendant testified that he spat on the victim's shirt, not his face.

The jury found defendant guilty as charged and found true the prior strike allegations.

Defendant was sentenced to an indeterminate term of 25 years to life, and resentenced on a prior in-custody battery under *People v. McCart* (1982) 32 Cal.3d 338 to a consecutive term of two years.[3]

Defendant timely filed a notice of appeal.

## Discussion

Defendant does not challenge the denial of his motion to represent himself. He contends the court erred in denying his motion for substitute counsel.

In *Marsden*, the California Supreme Court recognized that a defendant may be entitled to newly appointed counsel when the attorney-client relationship has broken down so completely as to impair a defendant's right to assistance of counsel. (*Marsden, supra*, 2 Cal.3d at p. 123.) A defendant "is entitled to have appointed counsel discharged upon a showing that counsel is not providing adequate representation or that counsel and defendant have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result." (*People v. Jones* (2003) 29 Cal.4th 1229,

---

[3] Section 1170.1, subdivision (c) requires courts to compute a single term of imprisonment for all convictions of felonies committed in prison, even if committed years apart, and the convictions are to be served consecutively. (*People v. McCart, supra*, 32 Cal.3d at p. 343.)

1244-1245.) Whether to grant a requested substitution is within the discretion of the trial court. (*People v. Smith* (2003) 30 Cal.4th 581, 604.) Reviewing courts will not find an abuse of that discretion unless the failure to appoint replacement counsel would "substantially impair" the defendant's right to effective assistance of counsel. (*Ibid.*)

Defendant does not contend that the motion should have been granted based on counsel's ineffective assistance. He contends that the court "erred in denying the motion based only on counsel's rebuttals to [his] complaints, without consideration of the ongoing communication problems and the breakdown of the attorney-client relationship." Defendant faults the court for failing to inquire into the "extent of the communication problems" counsel and defendant were having and suggests that the attorney failed to appreciate the validity of defendant's concerns regarding how others viewed him, given his past sex offense. The record does not support defendant's characterization of the record. Counsel's explanations offered in response to each of defendant's expressed concerns were entirely reasonable. Nor does the record demonstrate an irreconcilable conflict likely to result in ineffective representation.

The trial court probed defendant's ability to read and write in English and was aware of the attorney's ability to communicate in Spanish. The court also acknowledged that the written plea offer caused some confusion about the length of the term being offered, but defendant conceded that as of the morning of the hearing, he understood that the offer was for a minimum one year, maximum two year term. Defendant's frustration seemed to stem not from his inability to understand the offer, but from counsel's refusal to request a continuance to provide him with more time to consider the offer.

Counsel's advice to defendant that a continuance was not warranted and that they were "probably going to trial" was undoubtedly sound.

The record does not suggest that defendant was unable to understand the information being presented to him by counsel, but that he did not like the information being presented. (*People v. Smith*, *supra*, 30 Cal.4th at p. 606 ["trial court need not conclude that an irreconcilable conflict exists if the defendant has not tried to work out any disagreements with counsel and has not given counsel a fair opportunity to demonstrate trustworthiness"]; *People v. Smith* (1993) 6 Cal.4th 684, 696 ["defendant may not force the substitution of counsel by his own conduct that manufactures a conflict"].)

Likewise, defendant's suggestion that counsel "seemed more focused on the insult to his professionalism than on assuring his client that [his prior sex offense] would not compromise counsel's zealous representation" is not supported by the record. Counsel assured defendant and the court that he held no bias towards his prior clients as a result of their prior convictions, and nothing was presented to suggest that this assurance did not extend to defendant.

Accordingly, the court did not abuse its discretion in denying defendant's *Marsden* motion.

### Disposition

The judgment is affirmed.

POLLAK, P. J.

WE CONCUR:

BROWN, J.
GOLDMAN, J.

6