Filed 8/22/25  P. v. Drake CA5
Opinion following rehearing

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GARNETT LAWRENCE DRAKE,<br><br>Defendant and Appellant. | F088235<br><br>(Super. Ct. No. BF115244A)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Tiffany Organ-Bowles, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Dina Petrushenko and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Franson, J. and Meehan, J.

**INTRODUCTION**

Appellant Garnett Lawrence Drake (appellant) appeals from a resentencing proceeding pursuant to Penal Code section 1172.75[1] and Senate Bill No. 483 (2021–2022 Reg. Sess.). Appellant argues the abstract of judgment incorrectly reflects his sentence, the trial court failed to correctly calculate his presentence and actual custody credits and abused its discretion by denying appellant's request to strike his prior serious felony enhancement. The Attorney General concedes error. We vacate the sentence and remand the matter for resentencing to allow the trial court to calculate appellant's actual custody credits, correct the abstract of judgment, and to exercise its discretion pursuant to section 1385 consistent with this opinion. In all other respects, the judgment is affirmed.

**FACTUAL AND PROCEDURAL HISTORY[2]**

On November 9, 1988, appellant was convicted in Los Angeles County of two counts of rape in violation of section 261, subdivision (a)(2), one count with a section 12022.3, subdivision (a) firearm use enhancement, robbery in violation of section 211 with a section 12022.5 firearm use enhancement, and additional enhancements, for an aggregate sentence of 30 years.[3]

While in custody, on April 4, 1996, appellant was convicted of possession of a manufactured weapon in prison in violation of section 4502. Appellant was sentenced to four years consecutive to his 30-year sentence.[4]

In 2007, while in custody, appellant was convicted of assault with intent to commit rape in violation of sections 220 and 261, battery by a prison inmate on a nonprisoner in violation of section 4501.5 and kidnapping with intent to commit rape in violation of

---

[1]    Further undesignated references to code shall be to the Penal Code.

[2]    We omit the facts underlying appellant's convictions as they are not pertinent to the issues presented in this appeal.

[3]    Los Angeles County case No. A740514.

[4]    Imperial County case No. CF-1836.

section 209, subdivision (b)(1). It was found true appellant had two prior serious felony convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)), two prior serious felony convictions pursuant to section 667, subdivision (a) (five-year enhancements) and two prior prison terms pursuant to section 667.5, subdivision (b) (one-year enhancements). On August 29, 2007, appellant was sentenced to two consecutive sentences of 25 years to life, two consecutive five-year sentences for the prior serious felony allegations, and one consecutive year for the prior prison term enhancement, for a total of 11 years plus two consecutive terms of 25 years to life. The sentence was ordered to run consecutive to appellant's four-year Imperial County case.

On appeal, this court reversed the sentence and remanded the matter for the trial court to stay the sentence imposed on count 1, assault with intent to commit rape. (*People v. Drake* (July 8, 2008, F053667) [nonpub. opn.].) On remand, on September 24, 2008, the trial court stayed the sentence in count 1 pursuant to section 654, bringing appellant's sentence to a total of 11 years plus one consecutive term of 25 years to life.

On June 22, 2023, appellant filed a petition for resentencing, requesting the trial court strike his one-year section 667.5 enhancement, strike one of his five-year section 667, subdivision (a) enhancements pursuant to section 1385, and to consider striking one of his prior strike convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

The trial court held a resentencing hearing on September 15, 2023. The court struck the one-year section 667.5 enhancement, but declined to strike the section 667, subdivision (a) five-year enhancements or the strike priors. The court ruled, "[a]t this time as the Court considers the very lengthy RAP sheet, and particularly the nature of the offenses contained in the RAP sheet, the Court cannot exercise in good faith discretion to strike … either strike, nor the [section] 667[, subdivision] (a) priors in this case. [¶] However, the Court will proceed under [section] 1172.75.… [¶] I will at this time strike

3.

the two prior [section] 667.5 enhancements.  The remaining enhancements will stay on the case.  Again, that's based on the very lengthy history that there had been multiple prison stays, lengthy prison stays .…"

When the trial court attempted to announce appellant's custody credits, the probation representative stated, "[y]our honor, he's not entitled to credits, as this is being served consecutive to a Los Angeles case .…"  The court concluded the resentencing hearing without announcing appellant's actual custody credits.

The abstract of judgment filed on September 28, 2023, did not reflect any actual custody credits.  The abstract also did not indicate the sentence on count 1 was stayed, and instead indicated a sentence of 25 years to life on both counts 1 and 3.  Finally, the abstract did not indicate the two five-year section 667, subdivision (a) enhancements and did not indicate the total determinate term imposed.

On July 9, 2025, this court issued an unpublished opinion in this matter.  On July 11, 2025, on its own motion, this court struck the prior opinion, granted rehearing, and ordered further briefing on the question of whether petitioner's in-custody offenses must be aggregated pursuant to section 1170.1, subdivision (c).  The Attorney General conceded the in-custody offenses must be aggregated in a supplemental brief filed on July 24, 2025.  Appellant argued the sentence itself is correct and noted that resentencing cannot result in a longer sentence than the one originally imposed, in a supplemental brief filed on July 24, 2025.

## DISCUSSION

### I.  THE TRIAL COURT MUST CALCULATE AND AWARD ACTUAL CUSTODY CREDITS AT RESENTENCING

Appellant argues he is entitled to have the trial court calculate and award his pretrial and actual custody credits at resentencing.  The Attorney General agrees.  We vacate the sentence and remand the matter for resentencing for the trial court to calculate

and award appellant custody credits which reflect the actual time he served before his resentencing hearing.

When appellant was resentenced in 2008, he had three operative abstracts of judgment against him. First, the 1988 abstract of judgment from Los Angeles County for his outside offense of rape and robbery, which imposed a prison term of 30 years. Second, the 1996 abstract of judgment from Imperial County for his in-prison offense (possession of a manufactured weapon in prison), which imposed a consecutive prison term of four years. Finally, the Kern County abstract of judgment for his in-prison offense (assault, battery, and kidnapping with intent to commit rape), which imposed a term of 11 years plus 25 years to life.

The sentence on the out-of-prison offense remains distinct from the sentence on the in-prison offenses. "Viewed schematically, the term for an in-prison offense does not become part of the aggregate prison term imposed for those offenses which were committed 'on the outside.' Instead the defendant is imprisoned for a total term consisting of the sum of his aggregate sentence computed under section 1170.1[, subdivision] (a)[5] plus the new aggregate term imposed under section 1170.1[, subdivision] (c).[6] [Citation.] The latter term starts to run at the end of the prison term

---

[5] "Except as otherwise provided by law … when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed …, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and [s]ection 12022.1.…" (§ 1170.1, subd. (a).)

[6] "In the case of any person convicted of one or more felonies committed while the person is confined in the state prison or is subject to reimprisonment for escape from custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison.…" (§ 1170.1, subd. (c).)

imposed for the defendants original 'outside' offense." (*People v. White* (1988) 202 Cal.App.3d 862, 870.) Likewise, "new crimes committed while in prison are treated as separate offenses and begin a new aggregate term." (*People v. Langston* (2004) 33 Cal.4th 1237, 1242.)

However, in-prison offenses must be aggregated pursuant to section 1170.1, subdivision (c), which "requires 'computation of a single term of imprisonment for all convictions of felonies committed in prison and sentenced consecutively, whether multiple convictions occur in the same court proceeding or in different proceedings.' ([*People v. McCart* (1982) 32 Cal.3d 338, 343].)" (*People v. Venegas* (1994) 25 Cal.App.4th 1731, 1743.) This rule does not distinguish between contemporaneous and noncontemporaneous offenses, even if the offenses occurred several years apart. (*Ibid.*)

This aggregate term is calculated as provided in section 1170.1, subdivision (a). Likewise, "[l]ife sentences, whether with or without the possibility of parole, may be imposed to run consecutively with one another, with any term imposed for applicable enhancements, or with any other term of imprisonment for a felony conviction. Whenever a person is committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment, the determinate term of imprisonment shall be served first and no part thereof shall be credited toward the person's eligibility for parole as calculated pursuant to [s]ection 3046 or pursuant to any other section of law that establishes a minimum period of confinement under the life sentence before eligibility for parole." (§ 669, subd. (a).)

In 2007, appellant should have been sentenced to one aggregate term for his in-prison Imperial County offense and his in-prison Kern County offense pursuant to section 1170, subdivision (c). Upon remand and amendment, his September 24, 2008 abstract of judgment should have reflected an aggregate term of four years on the Imperial County offense, plus 11 years plus 25 years to life on the Kern County offenses.

Appellant argues the trial court must generally recalculate the number of actual days appellant has spent in custody and award such credits toward his current sentence. "Everyone sentenced to prison for criminal conduct is entitled to credit against his term for all actual days of confinement solely attributable to the same conduct." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 30.) "[C]redit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." (§ 2900.5, subd. (b).) A defendant is not entitled to credit towards his sentence for a period of presentence time spent simultaneously serving a prison term for a prior unrelated offense. (*In re Rojas* (1979) 23 Cal.3d 152, 154.) Thus, appellant is not entitled to custody credit toward his current aggregate sentence for *all* actual time he spent in custody since first entering custody for his 1988 offense, but only for the time spent in custody following completion of his 1988 offense. As appellant pointed out in his supplemental brief, the probation department stated that appellant completed his sentence for his 1988 offense on April 14, 2007. For purposes of actual time and custody credit calculation, appellant's aggregate sentence for his in-custody offenses begins to run following that date.

It is important to note that although appellant's aggregate sentence for his in-prison offenses is comprised of convictions from multiple counties, Kern County Superior Court retains jurisdiction as the sentencing court. In *People v. Phoenix* (2014) 231 Cal.App.4th 1119, the defendant's aggregate sentence was comprised of convictions from Yolo County and Sacramento County. "In pronouncing a single aggregate term and imposing the combined sentences as though they were all counts in the current case as required under sections 669 and 1170.1 and [California Rules of Court,] rule 4.452, the Yolo County trial court became the sentencing court for both the Yolo and Sacramento cases. The Sacramento County trial court was no longer a sentencing court, as its sentence was replaced by the consecutive sentence imposed by the Yolo County trial court." (*Id*. at p. 1126.) "The court that imposes the consolidated sentence pursuant to

7.

sections 669 and 1170.1 and [California Rules of Court,] rule 4.452 … must obtain the information it needs to award defendant all the credits to which he is entitled, including those connected with the earlier case, even if the sentence in that case was imposed in another county." (*Id*. at p. 1129.)

Following resentencing, the trial court is directed to prepare a new and corrected abstract of judgment aggregating the 1996 Imperial County conviction sentence and the 2007 Kern County conviction sentence.[7] This aggregate sentence replaces the 1996 Imperial County sentence and Kern County Superior Court remains the sentencing court for both convictions. The trial court is then directed to determine the actual custody credits appellant is entitled to for time spent in custody attributable to the aggregate sentence, and award appellant such credits in the abstract of judgment.

## II.  THE ABSTRACT OF JUDGMENT MUST BE CORRECTED

Appellant argues the abstract of judgment must be corrected to reflect that count 1 was stayed pursuant to this court's order in the prior appeal. The Attorney General agrees, and notes the abstract also fails to denote the two section 667, subdivision (a) enhancements. On remand, we will order the trial court to correct the abstract of judgment accordingly.

## III.  DISCRETION TO STRIKE THE SECTION 667, SUBDIVISION (A) ENHANCEMENTS

Appellant argues the trial court abused its discretion when it declined to strike the two section 667, subdivision (a) enhancements pursuant to section 1385. Appellant argues the court erred because it only considered whether appellant currently posed a danger to public safety, and not whether dismissing the enhancement would have endangered public safety on the date appellant was released. The Attorney General agrees.

---

[7]  As it was amended on September 24, 2008.

Section 1385, subdivision (c)(2) directs "[i]n exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."

In relevant part, section 1385, section (c)(2)(B) states where multiple enhancements are alleged in a single case, "all enhancements beyond a single enhancement shall be dismissed."

The question of whether recalculation of custody credits requires a full resentencing and new pronouncement of judgment is currently before the Supreme Court. (See *People v. Gonzalez* (2025) 108 Cal.App.5th 741, review granted Apr. 30, 2025.) Should recalculation of custody credits require a full resentencing, we need not reach the issue of whether the trial court abused its discretion declining to strike appellant's section 667, subdivision (a) enhancements, because appellant would be entitled to a new resentencing hearing regardless.

However, if the issue is not rendered moot, because appellant and the Attorney General agree the trial court acted in error, we briefly address the issue and remand for resentencing so that the trial court may exercise its discretion pursuant to section 1385 consistent with this opinion.

In *People v. Gonzalez* (2024) 103 Cal.App.5th 215 (*Gonzalez*), the defendant was serving a sentence of 75 years to life for first degree murder with a firearm enhancement. The term included a sentence of 50 years to life for murder and a sentence of 25 years to life for the firearm enhancement pursuant to section 12022.53, subdivision (d). (*Gonzalez*, at p. 220.)  During resentencing, the trial court declined to strike the firearm

9.

enhancement pursuant to recently amended section 1385, finding " 'presently [the defendant] does represent a danger to society .…' " (*Gonzalez*, at p. 224.)

The appellate court found the standard used by the trial court improper. (*Gonzalez*, *supra*, 103 Cal.App.5th at p. 228.) The court stated, "[t]he plain words of [section 1385] do not support the trial court's singular focus on whether the defendant *currently* poses a danger. Notably, section 1385, subdivision (c)(2) focuses on the danger associated with the dismissal of an enhancement, phrasing the inquiry as whether '*dismissal of the enhancement* would endanger public safety' and whether 'there is a likelihood that *the dismissal of the enhancement* would result in physical injury or other serious danger to others.' " (*Ibid*.)

"Although the current dangerousness of the defendant is an appropriate factor to consider, as it will have some bearing on whether dismissing the enhancement would endanger the public, a crucial part of the inquiry is how the dismissal of the enhancement will impact the length of the defendant's sentence. A currently dangerous defendant who will be released from prison within a short timeframe might be found by the trial court to pose a greater danger to the public than a defendant who is currently dangerous but who has no prospect of release from prison until he is elderly." (*Gonzalez*, *supra*, 103 Cal.App.5th at p. 228.)

"Further, an inquiry into whether public safety will be endangered by the dismissal of an enhancement for a defendant serving a lengthy indeterminate sentence should also take into account that the defendant's release from prison is contingent on review by the Board of Parole Hearings (and for murder convictions, by the Governor), who will have the opportunity to assess the defendant's dangerousness at that time. [Citations.] That future review will act as a safety valve against a release that would endanger the public and is relevant to a trial court's analysis of whether the dismissal of an enhancement imposed on a defendant serving an indeterminate prison term will endanger public safety." (*Gonzalez*, *supra*, 103 Cal.App.5th at p. 228.)

In this case, the trial court declined to strike appellant's five-year prison prior enhancement because of his "very lengthy history" and "that there had been multiple prison stays, lengthy prison stays …." Much like the defendant in *Gonzalez*, appellant in this case is serving an indeterminate life sentence of 25 years to life plus 11 years. The court is required to consider whether dismissing one of the five-year enhancements would endanger public safety within the context of appellant's indeterminate sentence.

As discussed in *Gonzalez*, current dangerousness is an appropriate factor to consider, as is appellant's prior criminal history, but the fact that appellant is serving a lengthy indeterminate sentence and his release from prison is contingent on review by the Board of Parole Hearings, which will review appellant's dangerousness prior to release, must also be taken into account.

## DISPOSITION

The sentence is vacated and the matter is remanded for a full resentencing so that the trial court may exercise its discretion pursuant to section 1385 consistent with this opinion. Following resentencing, the trial court is instructed to (1) prepare a new and corrected abstract of judgment which aggregates the sentences for appellant's 1996 Imperial County conviction and 2007 Kern County conviction, (2) determine the actual custody credits appellant is entitled to for time spent in custody attributable to the aggregate sentence and award such credits in the abstract of judgment, (3) indicate the sentence as to count 1 is stayed, and (4) indicate the sentence for any imposed enhancements. The court is ordered to forward a copy of the corrected abstract of judgment to all appropriate authorities.

The judgment is otherwise affirmed.